SINGER MANUFACTURING COMPANY v. JAMES O. GRAY.

*Lease—Conditional Sales—Purchase on Instalment Plan— Evidence.*

1. A written contract although called a "lease on the instalment plan" and not providing that title shall pass upon the completion of the payment of the instalments, may constitute a "conditional sale" of an article where the same has been delivered upon a payment in advance and an agreement to pay a certain sum each month for a series of months.

2. In the trial of an action for the recovery of a machine on failure to pay an instalment due under a contract relating to it and called a "lease" but which contract did not provide that the defendant should become the owner upon payment of all the instalments, evidence was competent to show that the defendant was to become such owner when the machine should be paid for, whether the transaction is considered an incomplete contract or a conditional sale; and, in such case, it was not error to submit the question of ownership to the jury.

3  Where it appeared that such contract was for a new machine worth $45, it was competent to prove that the one delivered was an old machine and worth not more than $20.

CIVIL ACTION tried before *McIver, J.,* and a jury at March Term, 1897, of JONES Superior Court. The facts appear in the opinion. There was a verdict for the defendant and from the judgment thereon the plaintiff appealed.

*Mr. D. L. Ward,* for plaintiff (appellant).
*Messrs. Simmons & Ward,* for defendant.

FURCHES, J.: The plaintiff, through its agent Brown, delivered to the defendant a sewing machine, under a written contract, which plaintiff calls a lease on the instalment plan—so much to be paid at the time of delivery and then an agreed sum per month, until the estimated price should be paid. When the defendant had paid $25 on this machine, but was behind with some of his monthly instalments, the

*enterprising* agent of the plaintiff took this machine from defendant, but *graciously* agreed to let the defendant have another machine, estimated to be worth $45 at the price of $55, upon the following *favorable terms* — that the $25 already paid, and $6 in addition to be paid when the new machine should be delivered, were to constitute the first month's rental, and then the defendant was to pay an additional rental of $3.00 on the 29th day of each month for seventeen months, making in all $82.

It was not stated in the written contract who was to be the owner of the machine when all these instalments were paid. But it was stated that if any of these monthly instalments were not made on the day they were due (the 29th of the month) the plaintiff was authorized and empowered to enter the premises of the defendant and take the machine. Defendant paid $34 of the $55 leaving a balance of $21 still due the plaintiff, as plaintiff contended, thus having paid the plaintiff $25 on the machine taken from the defendant, and $34 on the one sued for in this action — making in all the sum of $59. But the defendant after paying $34 on the second machine again fell behind with his monthly instalments. And again this enterprising agent is on hand demanding the surrender of this second machine. This time the defendant refused to surrender and this action is brought for possession of the machine.

There was evidence going to show that this second machine was to be a new machine, worth $45 at cash sale. That the machine delivered was not a new machine, but an old machine, newly varnished over and not worth more than $20 when delivered to the defendant.

The defendant is evidently a man in the humble walks of life, as he is a marksman, not being able to write his name to the contract. The plaintiff objected to the evidence tend-

121—22

ing to show that it was a second hand machine that plaintiff delivered to defendant, and not worth more than $20. But it was allowed by the Court and plaintiff excepted.

On the cross examination of the agent Brown, he testified in response to questions asked by defendant "that he did not know whose machine it would have been if defendant had paid the whole $55.00; that he had been paid the whole $55 by a good many others to whom he had sold machines under the same form of contract, and he had never troubled them for the machines, nor for any further rent." This was objected to as the other evidence was, upon the ground that it tended to vary the terms of a written contract, which could not be done. But the Court allowed the evidence and plaintiff again excepted.

The plaintiff in its assignment of errors again excepts because the Court did not charge the jury that, as a matter of law, the contract was a lease and not a conditional sale.

There were no written pleadings, the action having been commenced before a Justice of the Peace. And upon the evidence the Court submitted without objection two issues to the jury as follows: 1. "Is the plaintiff the owner and entitled to the possession of the property described in the complaint? Answer, No. 2. What was the cash value of the property at the time the action was brought? Answer, $16.

If this contract had stated in terms that when the $55 was paid, the machine should belong to the defendant, it would have fallen directly under the decisions of this Court in *Puffer* v. *Lucas*, 112 N. C., 377; *Crinkley* v. *Egerton*, 113 N. C., 444; *Clark* v. *Hill*, 117 N. C., 11; *Barrington* v. *Skinner*, Ibid, 47, and would be a conditional sale.

A conditional sale is a *sale* but upon condition, in which the purchaser sustains the relation of a mortgagor, and the seller that of the mortgagee. And a discharge of the debt

—the condition—by the purchaser is a discharge of the lien of the seller. Then, if this was a conditional sale and the defendant had discharged the debt, this discharged the plaintiff's lien and his right to possession of the machine.

It does not seem to us that because the *enterprising* agent of the plaintiff saw proper, in preparing this contract, not to say whose machine it would be when paid for, it could deceive any one. When a man buys and pays for a thing, the law gives him the title—makes him the owner. And it seems to us that the Court might have instructed the jury, as a matter of law, that it was a conditional sale. But if it is considered as an incomplete contract (as we suppose his Honor considered it) then the evidence elicited on the cross examination of Brown tended to show that the defendant was to be the owner when it was paid for, and was competent. And if it was a conditional sale upon its face, it could have done the plaintiff no harm to prove that it was. Therefore, the Court committed no error in refusing to charge that the contract was a lease. Nor is there any error in admitting the evidence, of which the plaintiff can complain.

The only other exception is that the Court admitted evidence tending to show that it was a second hand machine. There was no error in this. It cannot be that to show that a party did not comply with the terms of his contract is to vary the terms of the contract. This is new to us. There was evidence that it was to be a new machine which, as shown, would have been worth $45. This evidence tended to show that it was an old machine, newly varnished, that the plaintiff delivered to the defendant, not worth more than $20. If this was true, the plaintiff had broken the contract, and the most that he could claim in law or equity was the value of the machine he had delivered to the defendant. This evidence was competent and pertinent to show the breach of the contract by the plaintiff, and this

being shown—found by the jury—then to show the value of the machine delivered. The jury found upon the evidence that the machine, when the suit was commenced, was worth $16 and judgment was entered for the defendant. There is no error. Judgment affirmed.

Affirmed.