COMMERCIAL TRUST & SAVINGS BANK et al. v. BUSCH–GRACE PRODUCE CO.

(Circuit Court of Appeals, Sixth Circuit. January 4, 1916.)

No. 2799.

1. BANKRUPTCY ⬅20—JURISDICTION OF COURTS OF BANKRUPTCY—EXCLU-SIVENESS.

It is the general rule that the jurisdiction of a court of bankruptcy over the administration of the affairs of insolvent corporations is exclusive and paramount.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 23; Dec. Dig. ⬅20.]

2. ASSIGNMENTS FOR BENEFIT OF CREDITORS ⬅73—FORM AND REQUISITES.

An assignment for the benefit of creditors not properly sworn to and not accompanied by required inventories was wholly void under the law of Tennessee.

[Ed. Note.—For other cases, see Assignments for Benefit of Creditors, Cent. Dig. §§ 287–293; Dec. Dig. ⬅73.]

3. ASSIGNMENTS FOR BENEFIT OF CREDITORS ⬅51—FORM AND REQUISITES.

The rule in Tennessee that the question whether an instrument is a general assignment for the benefit of creditors and subject to be defeated by noncompliance with statutory requirements must be determined from the face of the instrument, unaided by extrinsic testimony, does not mean that the purpose of the instrument or the fact that it embraces all of the debtor's property must be expressly stated in the instrument, but only that such purpose or fact must appear on the face of the instrument by at least fair inference or reasonable intendment.

[Ed. Note.—For other cases, see Assignments for Benefit of Creditors, Cent. Dig. §§ 32, 208–211; Dec. Dig. ⬅51.]

4. ASSIGNMENTS FOR BENEFIT OF CREDITORS ⬅51—FORM AND REQUISITES.

Such rule is a rule of proof, and it is competent for parties to a suit to admit the fact that an instrument is a general assignment for the benefit

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

of creditors, and hence where, in a suit by a receiver in bankruptcy to enjoin litigation in a state court, defendants admitted that a so-called trust deed involved in such litigation was a general assignment for the benefit of creditors, such admission would be accepted as an effective characterization of the nature of the instrument.

[Ed. Note.—For other cases, see Assignments for Benefit of Creditors, Cent. Dig. §§ 32, 208–211; Dec. Dig. ☾⟶51.]

Appeal from the District Court of the United States for the Western District of Tennessee; John E. McCall, Judge.

Suit by the receiver of the Busch-Grace Produce Company against the Commercial Trust & Savings Bank and others. From a decree for complainant, defendants appeal. Affirmed.

Campbell Yerger, of Memphis, Tenn., for appellants.

S. E. Murray, of Memphis, Tenn., for appellee.

Before WARRINGTON, KNAPPEN, and DENISON, Circuit Judges.

KNAPPEN, Circuit Judge. On December 31, 1914, the Busch-Grace Produce Company executed, delivered, and caused to be registered a so-called trust deed of its property, real and personal, for the equal benefit of all its creditors, excepting, however, such claim as might be made for unearned rent under lease of the premises occupied by the produce company for business purposes. Six days later certain unsecured creditors of the produce company filed in a state chancery court of Tennessee a bill apparently framed under section 6103 of the Tennessee statutes, charging, among other things, that the produce company has "ceased to do business; its office is closed and its corporate franchise is not used; that such company is unable to pay its debts and is totally insolvent"; also, that the produce company has sold "its entire stock of merchandise and fixtures in bulk and not in the due and ordinary course of its business," contrary to the Tennessee Bulk Sales Law, which is chapter 133 of the Laws of 1901. The bill asked for a receiver and for the distribution of all the debtor's property among its creditors; it made no mention of the trust deed; the produce company's answer set up that instrument as a defense to the creditors' suit. On May 20, 1915, the state court made an order in that suit permitting appellant bank to become complainant in the place of the former complainants, and appellant accident company to file its claim in accordance with the laws of Tennessee, referring the cause to a master to take proofs and report whether or not the liabilities of the produce company were in excess of its assets, and whether or not it was a going concern. The state court has never appointed a receiver or taken the debtor's property into its custody, directly or indirectly. On June 2d following, the produce company was adjudged bankrupt upon its voluntary petition that day filed, and the cause remanded to a referee in bankruptcy, who was also appointed receiver. On the same day, after the filing of the bankruptcy petition, appellant gave notice of an application for the removal of the trustee under the trust deed, and the state court that day directed the trustee to pay to the receiver no funds in his hands

belonging to the produce company. (This was the first action taken by any state court respecting the so-called trust deed or the administration thereunder; the trustee, however, had partially executed his trust by collecting a large part of the assets and paying administration expenses, no distribution to creditors having been made. He was still engaged in executing his trust, but not under orders of court, when the bankruptcy proceedings were instituted.) On the next day the receiver commenced the instant suit by filing in the court below a bill against the bank and the accident company to restrain the further prosecution of the creditors' bill in the state court and for general relief. Five days later appellants answered this bill, denying the jurisdiction of the bankruptcy court to administer the assets in the hands of the trustee, claiming such trust deed (or assignment) to be valid under the laws of Tennessee; and on the same day appellants filed a further bill in the state court against the trustee under the trust deed to have him removed as trustee and another appointed in his place, and to restrain him from turning the assets over to the bankruptcy court. The trustee under the trust deed in fact recognizes the jurisdiction of the bankruptcy court over the assets remaining in his hands, and denies the jurisdiction of the state chancery court thereover. Upon final hearing (the last suit referred to having been brought before the court by amended and supplemental bill), the District Court enjoined the further prosecution of the creditors' bill in the state court, the bill for removal and substitution of trustee, and any further suits involving the assets of the produce company.

In the brief of appellants' counsel it is said that the sole question relates to "the validity under the state law and the effect in bankruptcy under the federal law" of the so-called trust deed. We accept this limitation of the issue, and the more readily as the creditors' suit seems to have been in essence a proceeding in insolvency (Smith v. Insurance Co., 6 Lea (Tenn.) 564, 569; Tradesman Pub. Co. v. Car Wheel Co., 95 Tenn. (11 Pick.) 634, 648-650, 32 S. W. 1097, 31 L. R. A. 593, 49 Am. St. Rep. 943), under which proceeding no lien was obtained or custody had—thus presenting no obstacle to the exclusive jurisdiction of the bankruptcy court. The case is not that of a judgment creditors' bill, the existence of a prior lien under which was recognized in Metcalf v. Barker, 187 U. S. 167, 23 Sup. Ct. 67, 47 L. Ed. 122, and Pickens v. Roy, 187 U. S. 177, 23 Sup. Ct. 78, 47 L. Ed. 128.

[1] As to the so-called trust deed: It is, of course, the general rule that the jurisdiction of a federal court of bankruptcy over the administration of the affairs of insolvent corporations is exclusive and paramount. Acme Harvester Co. v. Beekman Lumber Co., 222 U. S. 300, 32 Sup. Ct. 96, 56 L. Ed. 208; In re Yaryan Naval Stores Co. (C. C. A. 6) 214 Fed. 563, and cases cited at page 565, 131 C. C. A. 15. Appellants seek to bring this case within the rule recognized by this court in Re Farrell, 176 Fed. 505, 100 C. C. A. 63, where it was held (following Mayer v. Hellman, 91 U. S. 496, 23 L. Ed. 377) that the jurisdiction of the Ohio state court over the administration of the debtor's assets under a general assignment for the benefit of creditors

under the Ohio laws, made more than four months before bankruptcy, was not disturbed by such subsequent bankruptcy.

Assuming, for the purposes of this opinion, that a general assignment for the benefit of creditors under the Tennessee statute is not a proceeding in insolvency, but has the same status and the same effect as to bankruptcy proceedings as such assignment under the Ohio laws, and as if the proceedings had been taken in the state court for administration under it before bankruptcy, it is clear that the Farrell Case has no application unless the so-called trust deed was when made a valid and enforceable instrument.

[2, 3] Appellee contends that the instrument was virtually a general assignment for the benefit of creditors. If so, it was wholly void under the Tennessee statutes and decisions because not properly sworn to and not accompanied by certain required inventories. Hill v. Alexander, 16 Lea (Tenn.) 496; Rosenbaum v. Moller, 85 Tenn. (1 Pick.) 654, 660, 4 S. W. 10. Appellants insist that the instrument was an ordinary trust deed, at most only a partial, as distinguished from a general, assignment for the benefit of creditors. It is the rule in Tennessee that the question whether a given instrument is a general assignment, and so subject to be defeated by noncompliance with the statutory requirements, may be determined only from the face of the instrument, unaided by extrinsic testimony. Steedman v. Dobbins, 93 Tenn. (9 Pick.) 397, 405, 24 S. W. 1133; Fertilizer Co. v. Thomas, 97 Tenn. (13 Pick.) 478, 482, 37 S. W. 220. These decisions, as we construe them, do not mean that to constitute an instrument a general assignment such purpose or the fact that it embraces all the debtor's property must be expressly stated in the instrument. Such purpose or fact must, however, appear on the face of the instrument by at least fair inference or reasonable intendment. If intended as a general assignment, the exclusion of one creditor would be disregarded by the express terms of the Tennessee general assignment law.

[4] The first impression from a reading of the detailed enumeration of the classes of property conveyed by the instrument would be that it was intended to cover all the debtor's property. On critical examination, however, it is seen that at least one class of property (provided the debtor had such), for instance, stocks in other corporations, is not covered by the enumeration. Possibly other unenumerated classes of property can be thought of, although no other such class now occurs to us. But appellants' answer to the bill in the instant case expressly states that:

"Said assignment [referring to the so-called trust deed] was a general assignment for the benefit of all creditors, pro rata, of the Busch-Grace Produce Company, and that the same was filed more than four months prior to the voluntary petition in bankruptcy in this case," etc.

We think the natural and obvious meaning of this statement is that the instrument was intended to be an assignment of all the debtor's property for the ratable benefit of its creditors. The statement was made presumably with knowledge whether it did so cover all the debtor's property, for the creditors' suit in the state court, in which

appellants were complainants, involved the question of the debtor's insolvency and what property it then had. The creditors' bill alleges that the "principal assets" of the produce company, aside from certain items of real estate, are "the proceeds realized by the sale of its stock of merchandise and fixtures and possibly a few book accounts, the value of which complainants are not definitely advised and do not know." No suggestion is made that in fact the produce company had any assets except such as are embraced within the specific classes enumerated in the instrument.

We think the rule testing the character of the instrument by what appears on its face is merely a rule of proof, and that it was competent for complainants to admit the fact in question, even though without such admission it could not otherwise be proven. We accordingly think it our duty to accept appellants' answer as an effective characterization of the nature of the instrument, presumably acted upon by the district court in making the decree complained of.

The decree of the District Court is, accordingly, affirmed, with costs.