### In re DASHIELL et al.

### In re BUSCH–GRACE PRODUCE CO.

(Circuit Court of Appeals, Sixth Circuit.   December 4, 1917.)

No. 2989.

1. JUDGMENT ☞675(1)—CONCLUSIVENESS—PARTIES ESTOPPED TO QUESTION.

Where the trustee of a deed of trust given by a bankrupt, which was intended as a general assignment for benefit of creditors and was invalid under the law of the state where given, encouraged, if he did not instigate, the bankruptcy proceedings, furnishing the filing fees for the voluntary petition, and, while not a party to a suit by the bankruptcy receiver against creditors in which the trust deed was declared void, partly financed the bankrupt's side of the litigation, procuring a suspension of the order for payment to the bankruptcy trustee of the property in his hands pending appeal from the decree in the suit against creditors, intentionally and actively submitting his interest to the consideration of the court, and inviting its decision thereon, such trustee is, though he was not a party, estopped to question the decision in such suit.

2. JUDGMENT ☞683—CONCLUSIVENESS—PERSONS CONCLUDED.

In such case, creditors of the bankrupt who had accepted, prior to the decision, the provisions of the deed of trust, are bound by the decision; it being binding on the trustee.

3. JUDGMENT ☞452—SETTING ASIDE—TRUSTEES—RIGHT OF BENEFICIARY.

Creditors who had not accepted the deed of trust have no standing to attack the decree adjudging it invalid.

4. JUDGMENT ☞683—CONCLUSIVENESS—PERSONS CONCLUDED.

Creditors, who had contemporaneous knowledge of the fact that the validity of the trust deed was involved in the suit and that the trustee was either co-operating with the bankrupt's representatives or submitting the subject-matter to determination of the court, cannot complain of the decree.

5. JUDGMENT ☞461(1)—CONCLUSIVENESS—PERSONS ATTACKING—BURDEN OF PROOF.

Where the decree declaring the trust deed to be invalid was attacked by creditors of the bankrupt, they have, on the record presented, the burden of proving that they had no contemporaneous knowledge of the proceedings in which the trustee participated.

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

6. BANKRUPTCY ⟨⟩288(1)—PROCEEDINGS—SUMMARY ORDER.

Where the trustee, under a deed of trust, executed by the bankrupt, which had been previously declared invalid, having been directed to deliver to the bankruptcy trustee property in his charge as trustee, with other creditors, applied for leave to reopen the order for payment on the theory that the decree declaring the trust deed was invalid and was not binding on them because they were not parties, the summary disposition of the application was proper.

Petition for Revision of Proceedings of the District Court of the United States for the Western Division of the Western District of Tennessee; John E. McCall, Judge.

In the matter of the bankruptcy of the Busch-Grace Produce Company. Petition by C. S. Dashiell, trustee, and others, to revise an order of the District Court. Order affirmed.

Marsilliot & Chandler, of Memphis, Tenn., Hunter Wilson, of Jackson, Tenn., and Phil M. Canale, of Memphis, Tenn., for petitioners.

Wm. H. Fitzhugh, of Memphis, Tenn. (S. E. Murray, of Memphis, Tenn., of counsel), for L. T. Fitzhugh, trustee.

Royden Dixon, of Memphis, Tenn., for respondent.

Before WARRINGTON, KNAPPEN, and DENISON, Circuit Judges.

PER CURIAM. This case is a sequel to Commercial Trust & Savings Bank v. Busch-Grace Produce Co., 228 Fed. 300, 142 C. C. A. 592, in which this court, affirming the District Court, held that the so-called trust mortgage given by the bankrupt produce company to Dashiell, trustee, was intended as a general assignment for the benefit of its creditors, that it was invalid under the laws of Tennessee for certain defects in execution, and, although made more than four months prior thereto, was thus void as against bankruptcy. After the decision of the District Court, Dashiell, to procure suspension, during appeal, of the order requiring him to turn over the assets in his hands to the trustee in bankruptcy, gave bond so to do in the event of the affirmance of the decree below. This proceeding is to revise an order of the District Court, made after the decision of this court, denying the petition of Dashiell and nine creditors for the revocation of the order mentioned, and requiring payment to the trustee in bankruptcy accordingly; the contention being that the court erred in holding the trust mortgage void, and that the petitioners, not being parties to the suit, were not bound by the action had.

[1] The agreed statement of facts presented on the former review contained this:

"It is agreed that the said Dashiell is not a party to any of these proceedings, except the bill in chancery filed against him, and is not resisting the bankrupt court but is insisting that said court is entitled to administer the funds in his hands."

In our opinion on the former review we said:

"The trustee under the trust deed in fact recognizes the jurisdiction of the bankruptcy court over the assets remaining in his hands, and denies the jurisdiction of the state chancery court thereover."

Although the bankrupt's attorney, at Dashiell's request, promised to (but did not) state to this court on the argument of the Bank Case that Dashiell "was not a party to this litigation and had not signed the agreed statement of facts," the record on this review (including the depositions taken before the referee, which counsel stipulated might be sent up as part of the record) is convincing that the agreed statement represented Dashiell's attitude, and fairly shows this situation: Because of the embarrassments created by the litigation in the state court, Dashiell encouraged, if he did not instigate, the bankruptcy proceedings; he furnished the $30 required on filing petition for adjudication; he took part in the preparation of the bill enjoining the suit in the state court; the agreed statement of facts and the brief of bankrupt's counsel in this court were both submitted to Dashiell and his counsel, the latter suggesting changes (presumably made) in both; Dashiell partly financed the bankrupt's side of the litigation, advancing the entry fee of $50 on filing the bill, as well as the cost of printing brief in, and the expense of counsel for bankrupt in attendance on, this court. His conduct seems scarcely consistent with a neutrality respecting conflicting claims of jurisdiction on the part of the state and federal courts, nor does it seem fully explained by the existence of injunction by each court against payment to the representative of the other. It seems probable that the efforts in the state court for his removal played a conspicuous part in determining his attitude, which was apparently one of active co-operation with the bankrupt. But if, for lack of actual control over the conduct of the case, he was not technically a party, the most favorable view that can be taken of his attitude is that he intentionally and actively submitted his interest to the consideration of the court, and invited its decision thereon. And having in mind his action in procuring suspension of the order for payment to the bankruptcy trustee, and the fact that the present controversy is merely between himself and the bankruptcy estate, he is plainly estopped to question the decision had. St. Paul National Bank v. Cannon, 46 Minn. 95, 48 N. W. 526, 24 Am. St. Rep. 189; Otterson v. Gallagher, 88 Pa. 355, 358; Conant v. Jones, 50 App. Div. 336, 64 N. Y. Supp. at page 190. The asserted fact that the moneys furnished for expenses of litigation were merely loaned from his own funds (they were never repaid) is not material. We may add that the evidence on the present hearing does not convince us that the substantial admission in the bank's answer, that the so-called deed of trust was a general assignment for the benefit of creditors, was unadvisedly or improvidently made (even though without it the debtor's intent may not have been conclusively established), nor that it was not intended to embrace all the debtor's property. The automobile was plainly included within the term "vehicles"; the claims, if any, against stockholders on account of capital stock bought from them by the corporation were clearly "choses in action." We are cited to no competent showing that either the stock in the Fair Association or the membership in the Merchants Exchange had substantial and realizable value —much less that they were consciously and purposely omitted.

[2-5] As to the intervening creditors: The so-called deed of trust was made December 31, 1914; the bill in the District Court below

was filed June 2, 1915; final decree was made therein 12 days later, and was affirmed by this court January 4, 1916. On March 10, 1916, Dashiell moved to vacate the order previously referred to, which directed the surrender of the assets to the trustee in bankruptcy. Six of the creditors in question asked leave to intervene on March 18th, the remaining three on April 2, 1916—about 15 months after the making of the trust deed. The absence of substantial equity on the part of the interveners in this proceeding is emphasized by the fact that under the so-called trust deed all creditors were to share ratably, except that there was excluded the claim, if any, of the landlord of the leased business premises for rent thereafter accruing. Whatever the reason for this exclusion, it does not appear that such rent claim has ever been made; and it follows that, aside from the matter of costs of the respective administrations, the interveners have no substantial interest in the specific form of administration, whether in the bankruptcy court, the state court, or by the trustee alone. The substantial issue is merely one of costs, in which the question of Dashiell's compensation seems to figure largely.

[6] It is fairly to be presumed that the intervention was had at Dashiell's instigation. Assuming, for the purposes of this opinion, that the interveners had accepted the trust deed previous to the former decision of this court, they would yet be bound by that decision, provided Dashiell was a party to the litigation. Beals v. Illinois, etc., R. R. Co., 133 U. S. 290, 295, 10 Sup. Ct. 314, 33 L. Ed. 608; Manson v. Duncanson, 166 U. S. 533, 543, 17 Sup. Ct. 647, 41 L. Ed. 1105. Unless they had so accepted, they have no standing here. But, in any event, if they had contemporaneous knowledge of the litigation, of the relation of the two defending creditors thereto, of the fact that the validity of the alleged trust deed (the only question here) was directly in issue and being tried out, and that Dashiell was either cooperating with the bankrupt's representatives or submitting the subject-matter to the determination of the court, they cannot be heard to complain. On this record the burden is upon them to show such lack of knowledge. Not only have they not sustained the burden, but the record is barren of suggestion that they had not such knowledge. If they had accepted the trust deed, they would naturally have had such knowledge. There is thus no legal or equitable merit in the intervention. The summary method of disposing of the application to reopen the order for payment to the bankruptcy trustee was proper.

The order of the District Court is affirmed.