COBLE & STARR v. E. P. WHARTON, TRUSTEE.

(Filed 15 April, 1919.)

1. **Contracts—Conditional Sales—Chattel Mortgages—Deeds and Conveyances—Registration—Priorities—Statutes.**

   A conditional sale reserving title to personal property in the vendor until the full payment of the purchase price, must be reduced to writing and registered as in case of chattel mortgages, to be available as against creditors or purchasers for value. Pell's Revisal, secs. 982, 983.

2. **Same—Debtor and Creditor—General Assignment—Trusts and Trustees—Purchasers for Value.**

   A trustee in a deed of general assignment for the benefit of creditors is a purchaser for value within the meaning of our registration laws, and when this deed of trust has been registered it takes priority over a written conditional sale prior executed but subsequently registered.

3. **Same—Equities—Present Consideration.**

   The trustee in a deed of general assignment for the benefit of creditors is a purchaser for value in contemplation of our registration law giving preference to the title acquired under a prior registered conveyance; and objection that a present consideration is required is untenable, as this principle applies only where there are equities inherent in the property itself which, if established, would defeat the title of the present owner, and does not extend or apply to claimants under conveyances coming within our registration laws, which expressly provide that priority of right shall depend upon the time of registration. Pell's Revisal, secs. 982, 983.

CONTROVERSY without action, heard before *Lane, J.,* at March Term, 1919, of GUILFORD.

From the facts submitted it appears that on 16 March, 1918, plaintiff bargained to Richardson Hay and Grain Company a motor truck for $2,950, and that $2,000 of the price remains unpaid. And on 7 February, 1919, plaintiffs bargained to same firm another motor truck for $2,500, and that $1,125 of this price remains unpaid. That, in evidence of the contract and in security of the balance due, the plaintiff took from the purchaser in each case a written instrument, constituting a conditional sale of the property, to secure the respective amounts due, and the property was at the time delivered to the purchaser who had the same in possession and use till the time hereinafter set forth; that these

instruments were duly proved and recorded in said county on 3 March, 1919; that on 1 March, 1919, said company, having become insolvent, executed to defendant in proper form, etc., a general deed of assignment for the benefit of creditors for all property, real and personal, of the company, including said trucks; that on the same day, 1 March, 1919, the said instrument was duly proved, recorded in said county, and the property delivered to defendant, according to its terms, who still has the same in possession; that the assets of the company, the grantor in said deed of assignment, are largely insufficient to pay off and discharge the indebtedness of the company, and the question is as to the ownership and right of possession of the trucks included in the conditional sale to plaintiff. Upon these facts the court entered judgment for the defendant and plaintiff, having duly excepted, appealed.

*C. R. Wharton and Chas. A. Hines for plaintiffs.*
*King & Kimball for defendants.*

HOKE, J.   Since 1883 it has been the law of this State that, in order to be available against creditors or purchasers for value, a conditional sale must be reduced to writing and registered as in case of chattel mortgages. Pell's Revisal, secs. 982 and 983. And in numerous decisions on the subject it has been held that a trustee, in a general assignment for the benefit of creditors, is a purchaser for value within the meaning of the statute, some of them being directly to the effect that such a trustee, when the instrument under which he acts is first registered, will take precedence over the rights of a vendor whose interests are protected and embodied in a conditional sale prior in date but subsequently registered. *Observer Co. v. Little,* 175 N. C., p. 42; *Bank v. Cox,* 171 N. C., pp. 76-81; *Odom v. Clark,* 146 N. C., pp. 544-552; *Drill Co. v. Allison,* 94 N. C., p. 553; *Brem v. Lockhart,* 93 N. C., p. 191; *Potts v. Blackwell,* 57 N. C., p. 58; *S. c.,* 56 N. C., p. 449.

In *Observer Co. v. Little,* the Court said: "By the express terms of the law and under various decisions construing the same, these conditional sales are to be regarded as chattel mortgages and void as to creditors and purchasers except from registration," citing *Clark v. Hill,* 117 N. C., p. 11; *Brem v. Lockhart, supra,* etc.

In *Bank v. Cox, supra,* it is said: "They contend that plaintiff was not a purchaser for value within the meaning of the registration laws because its mortgage was made to secure an antecedent debt, but we have decided otherwise in numerous cases." *Odom v. Clark,* 146, p. 552, where it was said: "Claimants who now object to this judgment are holders of preexisting debts provided for in these deeds. It has been held with us that such debts are sufficient to constitute the holders pur-

chasers for value within the meaning of our registration laws. *Brem v. Lockhart,* 93 N. C., p. 191; cited with approval in *Moore v. Sugg,* 114 N. C., p. 292." See, also, *Brown v. Mitchell,* 168 N. C., p. 312; *Southerland v. Fremont,* 107 N. C., pp. 565-572; *Potts v. Blackwell,* 57 N. C., p. 58. And in *Brem v. Lockhart,* a case decided not long after the enactment of the statute and involving the precise question presented in this record, on an issue between a trustee under a general assignment for creditors and the holders of a conditional sale in writing but not registered. In upholding the title of the trustee the Court said: "The statute applicable to chattel mortgages or deed conveying personal property in trust to secure debts, to facilitate the making of which a form is given, thus extended to conditional sales or contracts in which the title remains in the vendor as a security for the purchase money, declares them to be 'good to all intents and purposes when the same shall be duly registered according to law.' Sec. 1274. These instruments are thus brought under the operation of the previous general law, which refuses any validity to deeds of trust or mortgages of real or personal estate as against creditors and purchasers for a valuable consideration from the bargainor and mortgagor until they are registered. Sec. 1254. The effect produced by this legislation upon conditional sales of personal goods is to render inoperative so much of the contract as undertakes to reserve property in the vendor as a security for the purchase money, unless and until the contract is registered, and, so far as creditors and purchasers for value are concerned, the transfer must be absolute and unconditional." Under the principle recognized in these cases, and many others could be cited, the court below correctly ruled that the title of the defendant, the trustee, under a general assignment for creditors, registered 1 March, 1919, should be preferred to that of the vendor whose interests were secured and embodied in a contract of conditional sale, executed some time before but not registered until 3 March, two days thereafter. It is earnestly contended for plaintiff that Brem and Lockhart is in such conflict with other decisions of the Court and has been so modified by later cases on the subject that it can no longer be regarded as authoritative in support of defendant's claim, citing for the position, among others, *Bank v. Bank,* 158 N. C., p. 238; *Wallace v. Cohen,* 111 N. C., p. 103; *Southerland v. Fremont,* 107 N. C., p. 565; *Day v. Day,* 84 N. C., p. 408; *Small v. Small,* 74 N. C., p. 16, but we do not so interpret the decisions relied upon. They all hold, as plaintiff contends, that in order to constitute one a purchaser for value, affording protection for his estate against equities, there must be a new consideration moving between the parties, and for such purpose an existent or antecedent debt will not suffice. But the equities referred to in these and other similar cases are those inherent in the property itself, which

antagonize the estate or interest of the alleged or present owner, and are superior to it when and to the extent they may be established, and the position does not extend or apply to deeds coming under our registration laws and which expressly provide that priority of right shall depend on the time of registration. A reference to some of the cases to which we were cited by plaintiff will serve to illustrate the kind of equities properly calling for application of the principle upon which he relies. Thus, in *Wallace, etc. v. Cohen, supra,* it was held that a vendor of goods who had been induced to sell the same by fraudulent representations on the part of the purchaser was allowed to recover the same or their value from an assignee for the benefit of existent creditors; an equity for rescission of the contract of sale on the ground of fraud. In *Day v. Day,* a father, induced by the fraud of his son to make the latter a deed in fee without reservation of a life estate as the parties had intended, was allowed to have the deed reformed so as to express the true agreement as against a trustee for the benefit of the son's creditors, the distinction we are discussing being stated as follows: "A third person, to whom the son conveys the land in trust to pay his debts, is a purchaser for value both under 13 and 27 Elizabeth, but takes the land subject to the equity which had attached to it in the hands of the grantor." An equity for reformation. And, in *Small v. Small,* where a grandson had purchased and taken title to his ward's land at a sale procured by him and conveyed the same in trust to secure antecedent debts, it was held that such conveyance afforded no protection against the claim of the wards in equity to engraft a trust on the vendor's title. And in *Southerland v. Fremont,* 107 N. C., p. 565, a case on which plaintiff greatly relies and which he insists is in direct conflict with *Brem v. Lockhart,* two cosureties had signed an obligation for the payment of money with a third and primary surety, under an agreement between them that the latter should indemnify the cosureties as to one-half of the debt. In pursuance of such agreement, the primary surety executed a deed of trust on the property to one of the cosureties for the benefit and protection of both. Later the surety, trustee, wrongfully, without the knowledge of the cosurety and without consideration, so far as appears, executed a deed of release to primary surety, relieving the property from the terms of the deed. The primary surety then mortgaged the land to his wife to secure an antecedent debt. It was held that the facts gave the cosurety an equitable right to have the release set aside, thus restoring his rights under the deed of trust made for his benefit. Here again the principle is stated as follows: "The mortgagor of land to secure a preexisting debt is a purchaser for value under 13 and 27 Elizabeth, but he takes subject to any equity that attached to the property in the hands of the debtor." And in *Bank v. Bank* a similar

ruling was made, the rights of the claimant in the property being made available to him under the equitable doctrine of subrogation.

While some of the expressions in *Brem v. Lockhart* have been commented on as being too broad, the decision in that case has been in no way modified or disturbed, and is to the effect, as stated, that an assignee for benefit of creditors, whether present or antecedent, is a purchaser for value within the meaning of our registration acts, and when such an instrument is first recorded, the title of the assignee will be preferred to that of the original vendor of the property whose rights therein are evidenced and secured by a conditional sale unregistered or which has been registered subsequently to the deed. There is no error and the judgment for defendant must be affirmed.

No error.