JOHN HETHERINGTON & SONS, Limited,
v. RUDISILL.

Circuit Court of Appeals, Fourth Circuit.
October 16, 1928.

No. 2727.

714

John S. Cansler, of Charlotte, N. C. (E. T. Cansler, of Charlotte, N. C., on the brief), for appellant.

John A. Hendricks, of Marshall, N. C., for appellee.

Before PARKER and NORTHCOTT, Circuit Judges, and SOPER, District Judge.

PARKER, Circuit Judge. This is an appeal from a decree denying the claim of John Hetherington & Sons, Limited, to certain machinery in the possession of the trustee in bankruptcy of the Capitola Manufacturing Company. The machinery was sold and delivered by claimant to bankrupt in October, 1925, under a written contract, which provided that payment therefor should be made in four equal installments, 3, 6, 12, and 18 months respectively from date of shipment, with interest at 6 per cent. on deferred payments, and that title to the machinery should not pass from claimant until all sums due under the contract should have been fully paid in cash. On May 14, 1926, upon the petition of the creditors of bankrupt, a receiver was appointed for its affairs by a court of the state of North Carolina, and this receiver at once took possession of all of its property and effects including the machinery in question. At that time the conditional sale contract held by claimant had not been recorded, and it was not recorded until the 16th of June following.

On July 10, 1926, claimant filed a petition in the receivership proceeding in the state court claiming the machinery under the conditional sale contract. Upon the hearing of this petition the state court ruled that, as the contract was not recorded until after the appointment of the receiver, it was not valid against him and that the machinery was held by him for the benefit of creditors generally free of the lien of the contract. Thereupon claimant, on September 11, 1926, commenced the bankruptcy proceedings by filing an involuntary petition against bankrupt, in which other creditors joined. After the adjudication of bankruptcy was had, claimant filed with the referee in bankruptcy a proof of secured debt in which the machinery in controversy was again claimed under the conditional sale contract. This claim was resisted by the trustee upon the ground that the contract, having been recorded within less than four months of the filing of the petition in bankruptcy and when the bankrupt was known to be insolvent, constituted a preference within the meaning of the Bankruptcy Act, and upon the further ground that the action of the state court in denying the same claim constituted an estoppel upon claimant. These contentions were sustained by the court below, and from its action thereon claimant has appealed.

The case has been very fully and ably presented on both sides, and we have given careful consideration to the briefs and arguments of counsel as well as to the authorities upon which they rely. After duly weighing all that has been said in behalf of appellant, however, we think that the decree of the District Judge was correct, on the ground that the registration of the contract was void as an attempt to create a preference within the inhibition of the act, and also because the right acquired by creditors upon the appointment of the receiver, to have the machinery in question applied to their claims free of the lien of the contract, passed to the trustee in bankruptcy.

In the first place, we think there can be no question that the conditional sale contract, withheld from record and recorded within four months of bankruptcy, and when the bankrupt was known by claimant to be insolvent, was void as an attempt to create a preference within the meaning of the Bankruptcy Act (11 USCA). The bankrupt obtained property which entered into his visible assets and served as a basis of credit. Under the law of North Carolina merely the naked legal title to this property was retained in the vendor as security for the purchase price, and for this retention of title to be valid against creditors of bankrupt it was required to be registered. Where it was withheld from record until within four months of bankruptcy, and then recorded when bankrupt was not only notoriously insolvent, but actually in the hands of a receiver, the situation presented is not to be distinguished from

the recording within four months of a chattel mortgage given prior to that time and withheld from record until insolvency became known. So far as the transactions affect the rights of creditors, they are the same, and in view of the status of such a conditional sale contract under the law of North Carolina we think that their legal effect is the same.

By section 3312 of the Consolidated Statutes of North Carolina it is provided:

"All conditional sales of personal property in which the title is retained by the bargainor shall be reduced to writing and registered in the same manner, for the same fees and with the same legal effect as is provided for chattel mortgages, in the county where the purchaser resides. * * * *"

And the "legal effect" of failure to register such a conditional sale contract, being the same as that of failure to register a chattel mortgage, is set forth in section 3311 of the Consolidated Statutes as follows:

"No deed of trust or mortgage for real or personal estate shall be valid at law to pass any property as against creditors or purchasers for a valuable consideration from the donor, bargainor or mortgagor, but from the registration of such deed of trust or mortgage in the county where the land lies; or in case of personal estate, where the donor, bargainor or mortgagor resides. * * * *"

The effect of the language of these two sections considered together would seem to be clear; i. e., that the retention of title as security in a conditional sale contract is put upon the same footing as the conveyance of title as security in the case of a chattel mortgage, and that, unless such conditional sale contract is reduced to writing and recorded, such retention of title is void as against creditors and purchasers for value from the vendee. In other words, the property which is the subject of the conditional sale contract vests in the vendee in any event; but, if the contract be not recorded as required by the statute, the retention of title in the vendor as security for the purchase money is void as against creditors of the vendee and purchasers for value from him. And this interpretation, we think, is not only the reasonable interpretation of the language of the statutes, but is settled by repeated decisions of the Supreme Court of North Carolina.

In the first case which arose under the statute, Brem v. Lockhart, 93 N. C. 191, the court pointed out that it was intended to relieve against the mischiefs arising from the unknown separation of title from possession which conditional sale contracts were apt to produce in deceiving creditors, and held that "the effect produced by this legislation upon conditional sales of personal goods is to render inoperative so much of the contract as undertakes to reserve property in the vendor as a security for the purchase money, unless and until the contract is registered, and *so far as creditors and purchasers for value are concerned, the transfer must be absolute and unconditional.*" (Italics ours.)

This case has been uniformly followed and approved. In Singer Mfg. Co. v. Gray, 121 N. C. 168, 28 S. E. 257, the court said:

"A conditional sale is a sale, but upon condition, in which the purchaser sustains the relation of a mortgagor, and the seller that of the mortgagee. And a discharge of the debt—the condition—by the purchaser is a discharge of the lien of the seller."

In Observer Co. v. Little, 175 N. C. 42, 94 S. E. 526, the court said:

"By the express terms of the law, therefore, and under various decisions construing the same, these conditional sales are to be regarded in this jurisdiction as chattel mortgages and void as to creditors and purchasers except from registration."

In Coble v. Wharton, 177 N. C. 323, 98 S. E. 818, it was said:

"Since 1883 it has been the law of this state that, in order to be available against creditors or purchasers for value, a conditional sale must be reduced to writing and registered as in case of chattel mortgages."

And in the very recent case of Harris v. Seaboard Air Line R. Co., 190 N. C. 480, 130 S. E. 319, 49 A. L. R. 1452, the court, speaking through Mr. Justice Connor, said:

"The relationship between plaintiff and W. M. Richards, with respect to said automobile, by virtue of the contract which provides that the title to the automobile sold by plaintiff to W. M. Richards is retained by plaintiff until the note given in part payment of the purchase price has been paid in full, is that of mortgagee and mortgagor. The title-retaining contract is to all intents and purposes a chattel mortgage."

In line with what has been said by the court in these cases, it has been held in North Carolina that the retention of title as security in an unrecorded conditional sale contract is void as against an assignment for the benefit of creditors. Brem v. Lockhart, supra; Coble v. Wharton, supra. It is void, also, as against the receiver appointed by a state court to wind up the affairs of an insolvent corporation, as such receiver represents creditors. Observer Co. v. Little, supra. And since the 1910 amendment of the Bankruptcy

Act it is void against a trustee in bankruptcy. Hinton v. Williams, 170 N. C. 115, 86 S. E. 994. In other words, there can be no question in the light of the North Carolina statutes and the language and decisions of the Supreme Court in construing same, that the general property in a chattel which is the subject of a conditional sale contract passes to the vendee subject to the retention of the title in the vendor as security for the purchase price, and that to all intents and purposes the relationship between the parties is that of mortgagor and mortgagee, as upon a sale with a mortgage back to secure the purchase money.

This being the status of a conditional sale contract under the North Carolina law, it follows, we think, that its registration within four months of the filing of a petition in bankruptcy, after having been withheld from record, is void as against the trustee on the ground that its effect would be to give a preference in contravention of section 60b of the Bankruptcy Act, which provides:

"If a bankrupt shall have procured or suffered a judgment to be entered against him in favor of any person or have made a transfer of any of his property, and if, at the time of the transfer, or of the entry of the judgment, or of the recording or registering of the transfer if by law recording or registering thereof is required, and being within four months before the filing of the petition in bankruptcy or after the filing thereof and before the adjudication, the bankrupt be insolvent and the judgment or transfer then operate as a preference, and the person receiving it or to be benefited thereby, or his agent acting therein, shall then have reasonable cause to believe that the enforcement of such judgment or transfer would effect a preference, it shall be voidable by the trustee and he may recover the property or its value from such person." 11 USCA § 96(b).

As the conditional sale contract vested in the vendee the general property in the chattel sold with retention of title as security in the vendor and was equivalent to a sale with mortgage back, it should unquestionably be treated as a "transfer" within the meaning of this section. Its effect was to "transfer" the legal title from the one to whom the possession of and general property in the chattels were given under the sale to the one who ceased to be the owner and became a mere creditor. There is, of course, no question that the "registering thereof" was "required" under the North Carolina statutes which we have cited, nor that the registration was within four months of the filing of the petition in bankruptcy and at a time when bankrupt was known to be insolvent and in the hands of a receiver. And the necessary effect of such transfer at the time of registration, if allowed to stand, would be to "effect a preference."

Some confusion in thinking arises because of the fact that a conditional sale contract brings to the estate of the vendee the very articles which are mortgaged as security for the purchase-money debt, and this does distinguish such a transaction from the ordinary chattel mortgage. This distinction is of importance, however, only where the conditional sale contract is promptly recorded and creditors are thus given constructive notice that property in the possession of the bankrupt is subject to the lien for purchase money. Where this is not done but the contract is withheld from record, the effect is that the general property in the chattels sold passes to the vendee and he comes into possession and control of property apparently unincumbered which is in fact subject to a secret lien. The holder of such a contract is in exactly the same position as the holder of an unrecorded chattel mortgage; for both are allowing the debtor to keep the possession of property which is subject to a secret lien and thus mislead his creditors as to his financial condition. And to allow the contract retaining title in such case to be recorded after the vendee is found to be insolvent and within four months of the filing of the bankruptcy petition would effect a preference in exactly the same way as to allow the registration in such case of a chattel mortgage.

Claimant relies upon Bailey v. Baker Ice Machine Co., 239 U. S. 268, 36 S. Ct. 50, 60 L. Ed. 275. In that case, however, the court had under consideration the effect of a conditional sale contract under the law of Kansas, which recognizes a distinction between a sale with a mortgage back for the purchase money and a conditional sale contract under which the general property and right of control remains in the vendor until payment of the purchase money. The court held in effect that as the general property in the chattel did not pass to the vendee under the Kansas law until the payment of the purchase price, the registration of the contract could not effect a preference as it did not transfer to the vendor any property of the vendee. It is clear, we think, that the rule laid down by this case does not apply to a conditional sale under the laws of North Carolina, which, as shown above, is in effect a sale with a

mortgage back to secure the purchase price. It vests the general property in the chattel in the vendee and retains the legal title in the vendor, not to give him the general property in or control over the chattel, but merely as security. There can be no difference in law or in logic between the registration of such an instrument within four months of bankruptcy and the registration of a chattel mortgage executed by the bankrupt.

But, quite apart from the question of preference, we think that the retention of title in the conditional sale contract was void against the trustee in bankruptcy because that contract was not recorded until after the receiver had taken into his possession for the benefit of creditors the machinery which it covered. As stated above, it is settled in North Carolina that the lien of such unrecorded contract is void against a receiver. Observer Co. v. Little, supra, 175 N. C. 42, 94 S. E. 526. Can it be, then, that creditors, who have had the property seized under a receivership against which the unrecorded lien is void, lose the benefit of such seizure because the receivership is superseded by bankruptcy? We think not. On the contrary, it seems to be clear that the trustee in bankruptcy is subrogated to the rights of creditors, and of the receiver who represents them, in the property which passes into his hands.

Section 67b of the Bankruptcy Act (11 USCA 107 (b) provides:

"Whenever a creditor is prevented from enforcing his rights as against a lien created, or attempted to be created, by his debtor, who afterwards becomes a bankrupt, the trustee of the estate of such bankrupt shall be subrogated to and may enforce such rights of such creditor for the benefit of the estate."

The word "prevented" in this section means, of course, prevented by bankruptcy proceedings. In re Schweitzer (D. C.) 217 F. 495. And the clear meaning of the section is that, where by bankruptcy proceedings a creditor or creditors are prevented from enforcing their rights in property apparently belonging to the bankrupt or standing in his name, but claimed by a third party, the trustee in bankruptcy is subrogated to their rights against such property and may enforce same for the benefit of the estate. See Rock Island Plow Co. v. Reardon, 222 U. S. 354, 32 S. Ct. 164, 56 L. Ed. 231; Mullen v. Warner (C. C. A. 4th) 11 F.(2d) 62.

The case at bar falls clearly within both the letter and the spirit of the section quoted. The creditors of the insolvent corporation, by institution of the receivership proceeding, disabled themselves from taking separate steps as by levy of execution in furtherance of their claims. The receivership itself, however, was in the nature of judicial process by which the rights of general creditors were fastened upon the property to the exclusion of claims for specific liens which had not obtained legal priority by registration. See Observer Co. v. Little, supra, which adopts the reasoning of the late Judge Sanborn in T. L. Smith Co. v. Orr (C. C. A. 8th) 224 F. 71. The proceedings in bankruptcy prevented these creditors from proceeding under the receivership to have the property applied to their claims. Clearly under such circumstances the trustee is subrogated to the rights of such creditors to avoid the lien asserted under the conditional contract, which was not recorded until after the receivership. In such case no special order preserving a lien is required as in the case of liens protected under section 67f, because the rights to which the trustee is subrogated are not rights of one creditor in a lien which would be dissolved by the bankruptcy unless preserved, but rights in favor of creditors generally, which have been obtained by reason of the sequestration of the property under the receivership, and which pass with the property when it is transferred by the receiver, who has held it for the benefit of creditors, to the trustee in bankruptcy, who also holds it for their benefit.

Almost the identical question here involved was before the Circuit Court of Appeals for the Third Circuit in the case of In re McElwain, 296 F. 112. In that case bankrupt had confessed judgment in favor of one of his creditors, and within four months thereafter insolvency proceedings were commenced against him under the laws of the state of Pennsylvania, with a view of setting aside the judgment as a preference. While those proceedings were pending and after the lapse of more than four months from the confession of the judgment the bankrupt filed his petition in bankruptcy. The court held that the trustee in bankruptcy was subrogated to the rights of creditors obtained by the institution of the insolvency proceedings in the state court and might enforce same to invalidate the confession of judgment, although the proceedings in the state court were held to be superseded by the proceeding in bankruptcy, and although the judgment, having been confessed more than four months prior to bankruptcy, could not have been avoided under the provision of the Bankruptcy Act itself. Judge Buffington, speaking for the court, said:

"It will thus be seen the state act in ques-

718

tion is not a Bankruptcy Act, but one of insolvency administration, and while all proceedings thereunder are, of course, superseded when a bankrupt proceeding is begun, yet there is no reason why the bankrupt court should not avail itself of the status and proceedings then existing in the state court proceeding where such status or proceedings may aid in the administration by the bankruptcy court, of the bankrupt's property."

From what we have just said, it follows that the question which was passed upon and decided on the petition of claimant in the state court is identically the same as one of the questions here which is determinative of the controversy, viz. whether under the conditional sale contract which was not recorded until after the appointment of a receiver, it was entitled to a lien on the machinery claimed. The party claimant was the same in both cases, and while the receiver was the party against whom the petition was filed in the one case and the trustee in bankruptcy in the other, both of these represented the unsecured creditors of the insolvent corporation and defended in their behalf. We think, therefore, that the order of the state court denying claimant's claim to the machinery constituted an estoppel which precluded plaintiff from asserting the same claim in the bankruptcy court. See In re Skinner (D. C.) 97 F. 190; Atlantic Trust Co. v. Dana (C. C. A. 8th) 128 F. 209, 221–225; In re Dashiell (C. C. A. 6th) 246 F. 366.

There was no error, and the decree of the District Court is affirmed.

Affirmed.