### FRANK WEEKS v. B. M. ADAMS.

(Filed 16 January, 1929.)

**1. Sales—Conditional Sales—Registration and Priority—Attachment.**

A title retaining contract in the sale of personalty is in the nature of a
chattel mortgage, and when registered prior to an attachment of the prop-
erty it is superior to the claim of the attaching creditor.

**2. Same—Rights of Parties.**

Where the purchaser under a title retaining contract of sale of a chattel
has falsely entered into the contract under an assumed name, and the
contract is registered prior to a levy of attachment on the property: *Held,*
the vendor's lien under the prior registered conditional sales contract is
good as against the creditor's levy in attachment, as the title remains in
the vendor unaffected by the subsequent attachment.

**3. Appeal and Error—Harmless Error—Instructions.**

Where the verdict of the jury is in accordance with the admissions
made by the parties at the trial, an incorrect instruction in other respects
will not constitute reversible error.

APPEAL by plaintiff from *Moore, J.,* at July Term, 1928, of SWAIN.
No error.

*Edwards & Leatherwood, W. G. Hall* and *Moody & Moody* for
plaintiff.
*Shuford & Hartshorn* and *S. W. Black* for *Sterchi Brothers.*

ADAMS, J. There is evidence tending to show that on 3 January,
1927, B. M. Adams, the defendant, representing himself to be William
Calhoun, of Bryson City, Swain County, purchased on credit from
Sterchi Brothers of Asheville various articles of furniture at the agreed
price of $2,314, and procured the furniture to be shipped to Bryson

City in Calhoun's name. The furniture was delivered to Adams and used by him in a house in Bryson City which he had rented from the plaintiff. Calhoun testified that he had not authorized Adams to purchase the furniture in his name, and had not authorized any one to deliver it to Adams; but there is some evidence to the contrary.

Adams became indebted to the plaintiff in the sum of $800 for rent, coal, and wood. The plaintiff brought suit for this amount, and on 2 February, 1927, caused a warrant of attachment to be levied on the property in question. Thereafter Sterchi Brothers intervened, claiming to have retained title to the property at the time of the sale. The controversy therefore is reduced to the single question whether Sterchi Brothers have priority over the plaintiff's attachment. On this point we find in the record an express agreement of counsel that at the time B. M. Adams purchased the furniture from Sterchi Brothers he signed and executed in the name of William Calhoun a conditional sales contract to Sterchi Brothers securing the purchase price, and that the contract was duly registered in the office of the register of deeds of Swain County before the plaintiff's warrant of attachment was levied on the furniture.

All conditional sales of personal property in which the title is retained by the bargainor shall be reduced to writing and registered in the same manner and with the same legal effect as is provided for chattel mortgages, in the county where the purchaser resides, etc. C. S., 3312. The purchaser resided in Swain County, and there the conditional sale was properly registered. *Barrington v. Skinner,* 117 N. C., 48. The relation between the purchaser and seller is that of mortgagor and mortgagee. *Mfg. Co. v. Gray,* 121 N. C., 170. As the title was retained until the purchase money was paid, the title to the furniture was not transferred either to Adams or to Calhoun. *Frick v. Hilliard,* 95 N. C., 117; *Harris v. Woodard,* 96 N. C., 232.

In these circumstances it is unnecessary to enter into a discussion of the distinction between fraud in the *factum* and fraud in the treaty or to determine whether the alleged sale was void or voidable. *Glass Co. v. Fidelity Co.,* 193 N. C., 769; *Parker v. Thomas,* 192 N. C., 798; *Furst v. Merritt,* 190 N. C., 397. The admission of the plaintiff gives to Sterchi Brothers priority of claim for the purpose of foreclosing the conditional sale. For this reason if there is error in the instructions given the jury, as contended by the appellant, the verdict of the jury is in accord with the express admission of the parties and the appellant is not entitled to a new trial. There was no reversible error in the admission of evidence, or in the order amending the interplea, or in declining the plaintiff's motion for nonsuit.

No error.