WILEY & BALLARD, Trustees of B. L. Duke v. BESSEMER
CITY MINING COMPANY.

*Practice—Appeal—Dismissal—Rules of Court—Failure
to Print Essential parts of Record.*

Where, on appeal, an exception is that the judgment does not
properly guard the rights of minority stockholders of a
company, "and for other reasons appearing on the face of
the judgment," and no printed copy of the judgment accom-
panies the record, the appeal will be dismissed under Rule
28 (115 N. C., 843, 844), which requires so much, and such
parts, of the record to be printed as may be necessary to a
proper understanding of the exceptions.

CIVIL ACTION, heard before *Timberlake, J.*, at Fall Term,
1895, of GASTON Superior Court. The plaintiff appealed.
In this Court the defendant moved to dismiss for failure of
appellant to print necessary parts of the record.

*Messrs. Fuller, Winston & Fuller*, for appellants.
*Mr. W. A. Guthrie*, for appellee.

CLARK, J.: Rule 28 requires the printing "of so much
and such parts of the record as may be necessary to a
proper understanding of the exceptions and grounds of
error assigned." The power of the Court to make such
rule, and the necessity for it, are stated in *Horton* v. *Green*,
104 N. C., 400; *Hunt* v. *Railroad*, 107 N. C., 447, and
numerous other cases. To prevent any possible miscon-
ception of the rule, it was enlarged and made more
specific in 115 N. C., pp. 843-844.

When this case was reached on the regular call of the
docket, the appellant did not aid us by supporting his
grounds of appeal, either by oral argument or brief filed,
and the appellee moved to dismiss because the record is

not printed as fully as necessary for the purposes of an argument. Looking into the record we find that there has not been a satisfactory compliance with the rule (28) as to printing. Without referring to other exceptions and other omissions in the printed record, it is sufficient to quote the 9th exception, "For that the said report and judgment based thereon do not properly guard the rights of the minority stockholders; For other reasons appearing on the face of said judgment." This renders the careful consideration of said judgment necessary, and it should have been printed. The judgment covers five pages in manuscript, and it is not in compliance with our rules to expect that the single copy of that judgment shall be considered by the five members of the Court, as could be readily done if printed. The neglect of this rule has been so often called to the attention of appellants, and the intention of the Court to adhere to it has been so frequently expressed, that it is proper now to enforce the rule and entirely unne essary to give further warning that we intend to do so. *Paine* v. *Cureton,* 114 N. C., 606; *Carter* v. *Long,* 116 N. C., 46; *Dunn* v. *Underwood, Ibid,* 525. The printing was insufficient in other particulars, but this is enough to show a substantial non-campliance.

Appeal Dismissed.