## O. S. CAUSEY v. EMPIRE PLAID MILLS.

*Practice—Appeal—Dismissal for Failure to Print Judg-*
*ment—Reinstatement.*

Rule of Court No. 28, requiring the judgment to be printed in
  every appeal, will not be enforced when the record was
  printed before its adoption, and in a case where the judgment
  appealed from was simply that plaintiff take nothing by
  his writ.

MOTION TO REINSTATE APPEAL, dismissed for failure to.
print the judgment below as a part of the record.

*Messrs. L. M. Scott* and *Shaw & Scales,* for plaintiff
(appellant).
*Messrs. Fuller, Winston & Fuller, contra.*

MONTGOMERY, J. : The appeal was dismissed for a failure
on the part of the appellant to comply with Rule 28. The

printing was done before the amendment, requiring the judgment in all cases to be printed, was made the rule. Before the amendment, it would not have been necessary to print, as a part of the case on appeal, a judgment like the one in this case. The rule required the printing " of so much and such parts of the record as may be necessary to a proper understanding of the exceptions and grounds of error assigned." Upon the response of the jury that the plaintiff was not the owner and entitled to the possession of the property claimed in the complaint, there was a simple judgment that the plaintiff take nothing by his writ and be taxed with the costs of the action. To determine the matter raised on the appeal, the inspection of the judgment would not be necessary. In *Wiley* v. *Mining Co.*, 117 N. C., 489, the judgment was such a one as was required to be printed before Rule 28 was amended. It covered five pages of manuscript, and one of the exceptions of the appellant read, " For that the said report and judgment based thereon do not properly regard the rights of the minority stockholders ; for other reasons appearing on the face of said judgment."

For the reasons above set forth, the petition of the appellant in this case to reinstate the appeal is granted.

Appeal Granted.