ANNISTON NATIONAL BANK v. SCHOOL COMMITTEE OF TOWN OF DURHAM.

*Principal and Agent—Notice to Agent—Liability of Principal—Attorney and Client.*

1. Notice to an agent is notice to the principal except where the agent is acting for himself in a transaction with the principal where his interest is in opposition to the interest of his principal.

2. Where, in an action against a school committee by the assignee of a contract to recover the balance due thereon, the defense was that the balance had been paid to an attaching creditor of the assignor, and it appeared that some months prior to the garnishment the assignor had notified the chairman of the defendant committee of the assignment of the contract to plaintiff; *Held*, that the chairman of the committee being its agent, the notice given to him was sufficient to fix the defendant's liability to the assignee.

3. The fact that the chairman of the defendant committee was also attorney for the attaching creditor of plaintiff's assignor in the garnishment proceedings neither relieved him from his duty to his principal in giving it information which he received months before the garnishment nor the principal from the burden of the constructive notice it had through its agent.

CIVIL ACTION, tried before *Starbuck, J.*, and a jury, at October Term, 1895, of DURHAM Superior Court. The facts are sufficiently stated in the opinion of Associate Justice FURCHES.

In deference to the opinion of his Honor, who intimated at the close of the testimony that the plaintiff could not recover, the plaintiff submitted to a non-suit and appealed.

*Messrs. Manning* and *Foushee*, for plaintiff (appellant).
*Messrs. Guthrie & Guthrie*, for defendant.

FURCHES, J. : This is an action by plaintiff to recover a debt originally due from defendant to the Ruttan Manufacturing Co., and by it assigned to the plaintiff; and the first matter that demands our attention is a motion of defendant to dismiss the appeal for the reason that the record has not been printed as the rules of this Court require. Upon examination of the printed record we find that it is not as complete as it should have been for our convenience. But there seems to be nothing omitted that is required by the rules, unless it be that plaintiff has failed to print some exhibit or other part of the record referred to in the case on appeal, which is necessary for us to examine in considering it. *Wiley* v. *Mining Co.*, 117 N. C., 489. We do not find this the case, and the motion is denied.

It is not denied that the defendants owed the Ruttan Co. the debt sued on, but the defense is that C. C. Taylor, to whom the Ruttan Co. owed a debt, brought suit against

that company, and on the 4th day of March, 1893, attached and garnisheed this debt due the Ruttan Co., and recovered judgment thereon. And in that action this debt was condemned and paid to Taylor under the order of the court. Plaintiff, not denying this, alleges that defendant had notice that the Ruttan Co. had assigned this debt to plaintiff before the attachment proceeding, and garnishment was served on the defendant. And this is the only question presented by the appeal for determination.

W. A. Guthrie was a member and chairman of the School Committee, and he and O. F. Tomlinson and C. C. Taylor composed the Building Committee, and made the contract with the Ruttan Co. out of which this indebtedness arose. The plaintiff offered in evidence the following assignment, endorsed upon the contract: "Anniston, Ala., August 11, 1892. For value received we hereby transfer and assign the within contract to the Anniston National Bank" (signed by the Ruttan Co.). The plaintiff for the purpose of showing notice of the assignment introduced in evidence the following letter, dated at Anniston, September 28, 1892, and addressed to W. A. Guthrie, Durham, N. C.: "Dear Sir: We have received your statement showing a balance still due on our contract with the Graded School Committee of $331.11, and our superintendent writes us you do not wish to pay that until cold weather. This would be satisfactory to us, but we have assigned the balance to our bank here, with the statement that it would be due on our completing our work. Now if you desire to retain this amount till cold weather, and will pay 8% interest on the same from date of completion till paid, say not later than November 15th, we can probably arrange with them to hold it till then. Our superintendent (Mr. Stapel) states that he gave your com-

118—25

mittee a test which ought to satisfy them, and that they were much pleased. The writer begs to thank you for all assistance you have rendered us, and hopes that you will look at this matter fairly and not make us pay interest for money which is due us. We hope to soon be ' out of the woods.' With kind regards of the writer, &c." (Signed) Ruttan Manufacturing Co., South. M. W. Hammond, Secretary and Treasurer.

This letter was a part of a correspondence between the Ruttan Co. and Mr. Guthrie about the business transactions of the Ruttan Co. with the defendant school committee, out of which this indebtedness grew, and in which Mr. Guthrie was informed that this debt had been assigned to the Anniston Bank. This letter antedates the attachment about five months, and, if it was notice to defendant, the attachment is no defense and plaintiff is entitled to recover.

The general rule is that notice to the agent is notice to the principal; and Mr. Guthrie, being the agent of defendant, notice to him was notice to the defendant. *Bank* v. *Burgwyn*, 110 N. C., 267. The exception to this general rule is where the agent is acting for himself in a transaction with the principal, in which his interest is in antagonism to that of the principal. Then the presumption of knowledge does not apply, as it cannot be presumed that the agent would give information which would be against his own interest. *Bank* v. *Burgwyn, supra,* bottom of p. 274.. Mr. Guthrie in this matter was not acting for himself in a transaction with his principal, where his interest was in opposition to the interest of his principal. And the letter of September 28, 1892, quoted in this opinion, was notice to the defendant.

It was contended on the argument that Mr. Guthrie, being the attorney of Taylor, had no right to communi-

BANK *v.* SCHOOL COMMITTEE.

cate information received by him from Taylor, it being in evidence that Taylor told him, when he retained him to bring the action and attachment proceeding, that the debt had been assigned to the plaintiff.  We certainly do not intend to decide, or to say anything that can be construed as deciding, that an attorney should use or communicate to others, to be used against his client, any communication he had received in the confidential relation of attorney and client.  Mr. Guthrie was in this case substantially the defendant, and as such on the 4th of March, 1893, the day the attachment proceeding was taken out, accepted service of the same—signing his name " Wm. A. Guthrie, chairman."  Whether this is a case where the confidential relation existing between attorney and client should apply or not, we will not discuss or decide, as it is not necessary for us to do so.

But, his becoming Taylor's attorney in March, 1893, did not relieve him from his duty to his principal in giving them information that he had received five months before that time.  Nor does it relieve the defendant from the burden of the constructive notice it had through the notice given to Mr. Guthrie in September, 1892.

There is error, and the judgment of non-suit must be set aside, and a new trial awarded.

Error.   New Trial.