GARRETT & SONS v. S. J. PEGRAM & CO.

*Action for Damages—Stipulation Pending Action and Before Trial Concerning Matters in Controversy—Admissibility— Instructions.*

1. Where, pending an action to recover for damage done to a lot of tobacco which plaintiff had bought and paid for under a guarantee of soundness by defendants, an agreement was entered into adjusting the amount of damage per pound which plaintiff should recover, if entitled to recover at all, said agreement to be without

prejudice to either party; *Held*, that such agreement was not an offer of compromise in the meaning of Section 573 of *The Code*, and was admissible on the trial of the action to determine the amount of plaintiff's recovery.

2. After a full and fair review of the evidence and charge in all the issues, in the trial of such action, it was not error to add that, if plaintiffs were entitled to recover anything, the amount would be that agreed upon by the stipulation.

CIVIL ACTION, for damages to a lot of tobacco, tried before *McIver*, *J.*, and a jury, at June, 1896, Special Term of GUILFORD Superior Court. There was a verdict for plaintiffs and from the judgment thereon defendants appealed.

*Messrs. Dillard & King*, for plaintiffs.
*Mr. J. T. Morehead*, for defendants (appellants).

FURCHES, J.: Upon this case coming on for argument, the plaintiff (appellee) moved to dismiss the appeal under Rule 28, alleging that appellant had failed to comply with said rule in printing the record. *Wiley* v. *Mining Co.*, 117 N. C., 489. To avoid the consequences of this motion and the dismissal of the appeal, the defendant abandoned any exception that would require a perusal of any part of the transcript not contained in the printed record.

This reduces the matters for our consideration to two questions—the alleged contradiction in the Judge's charge upon the question of damages and the introduction of Exhibit A. And the defendant's counsel argued only these two questions. Reversing the order in which these questions are presented, we will first consider the introduction of Exhibit A as evidence.

This is objected to by the defendant, it is true. But the burden of showing that it was improperly allowed as evidence is on the defendant, and this he has failed to show. The only ground suggested why it was not proper evidence

120—37

is, that it was in the nature of a compromise, and should have been excluded under Section 573 of *The Code*. But to our minds it does not appear to have been a compromise, or in the nature of a compromise; but an adjustment of the amount of damages per pound, if the plaintiff should recover. But it was not to affect the status of the parties, as to plaintiff's right to recover or defendant's right to defend and defeat plaintiff's recovery.

To our minds, it was used on this trial for the very purpose it was intended for by the parties.

The only other question is the alleged contradictions contained in the charge of the court. These contradictions we fail to see. The court seems to have charged fully and fairly upon every question presented by the controversy; and then, in substance, instructed the jury that the amount of damage the plaintiffs were entitled to recover, if they were entitled to recover anything, had been agreed upon by the parties in Exhibit A, this being the difference between 29 cents per pound, the price for which defendants sold the tobacco to plaintiffs, and 17 cents per pound, the amount they have agreed it was worth in its damaged condition, to which they should add expenses of shipping, storage, &c., as agreed in Exhibit A. And this was the only use they were allowed to make of Exhibit A in making up their findings upon the issues submitted to them.

It seems to us there can be no just ground of exception to this charge; and no error appearing to us, the judgment must be affirmed.

Affirmed.

Douglas, J., being related to one of the parties, took no part in the decision of this case.