S. E. MILLER ET AL. v. WESTERN UNION TELEGRAPH COMPANY.

(Filed 18 November, 1914.)

1. Appeal and Error—Objections and Exceptions—Effect of Evidence—Record—Instruction.

Exceptions made upon the trial to the effect of evidence and not to its competency will not be favorably considered on appeal, when the charge is not excepted to or set out in the record, the presumption being in favor of the correctness of the charge of the court as to the effect of the evidence admitted.

2. Telegraphs — Principal and Agent — Writing Messages at Sender's Request — Duty to Deliver — Service Messages — Better Address — Negligence.

As to whether the local agent of a telegraph company becomes the agent of the sender of the message, for certain purposes, by assuming to write the message for him, *quere*. But it is *Held*, that when the company seeks to defend itself from the consequence of the act of its agent, under the circumstances, in making a mistake in the address of the sender, whereby it claims the message was not delivered with reasonable promptness, it may not rely upon the mistake and absolve itself from the duty of making reasonable inquiry in its effort to deliver it, as addressed, and it is further held that, in any event, the agent would remain the agent of the telegraph company to send a better address when requested by a service message to do so, and the information is available to him, and his negligence therein would be imputed to the company.

APPEAL by defendant from *Lane, J.*, at Fall Term, 1914, of DAVIDSON.

This is an action to recover damages for mental anguish, the plaintiff being the sender of the telegram set out in *Hedrick v. Tel. Co., ante,* 234, where the facts are fully stated. The only exception is to the evidence of the plaintiff that the agent of the defendant, who wrote the telegram, was told that the address of H. F. Hedrick was "14 Street off Liberty Street," instead of "14 Liberty Street," as written in the telegram.

There was a verdict and judgment in favor of the plaintiff, and the defendant appealed.

*J. F. Spruill and P. N. Critcher for plaintiff.*
*Walser & Walser for defendant.*

ALLEN, J. The argument of counsel for defendant is directed to the effect of the evidence admitted over his objection rather than to its competency, but we must assume that his Honor instructed the jury properly as to how the evidence should be considered and its bearing upon the case, as the charge is not a part of the case on appeal and there is no exception to it. *Ellison v. Tel. Co.,* 163 N. C., 14.

If, however, it be conceded, as contended by the defendant (and it must be understood that the Court does not assent to the proposition), that the agent of the telegraph company became the agent of the plaintiff when he wrote the message for him, the evidence would not for this reason be incompetent.

When the telegram was received at Winston with an incorrect street address on it, the defendant was not absolved from making further inquiry, nor could it rely upon the mistake and cease all efforts to deliver. *Kivett v. Tel. Co.,* 156 N. C., 306.

It became its duty, among others, to send a service message asking for a better address *(Griswold v. Tel. Co.,* 163 N. C., 174), and if it had done so the evidence tends to prove that the agent at Lexington, who would have received the message, had the information necessary to give the correct address.

If the operator at Lexington was the agent of the plaintiff in writing the message, he was also agent of the defendant, and notice to an agent is notice to the principal, except when engaged in a transaction antagonistic to the principal or where it is against his interest to disclose the information received. *Bank v. School Committee,* 118 N. C., 386.

In this case he owed the duty to the plaintiff and the defendant, and it was in his own interest to correct the message, if he had made a mistake in writing the address, and notice to him of the correct address was notice to the defendant.

No error.