THE OBSERVER COMPANY AND S. J. HOLLAND v. J. H. LITTLE ET AL.,. RECEIVERS FOR REID LIVERY COMPANY.

(Filed 12 December, 1917.) .

**1. Deeds and Conveyances—Conditional Sales—Statutes—Registration.**

By Revisal, sec. 983, conditional sales reserving title in the bargainor are required to be in writing and registered in the same manner, and have the same legal effect as provided for chattel mortgages (Revisal, sec. 982), and by the latter section "No deed in trust nor mortgage for real and personal estate shall be valid at law to pass any property as against creditors or purchasers for a valuable consideration from the donor, bargainor," etc., "but from the registration of the same"; therefore such conditional sales are regarded as chattel mortgages and void as to creditors and purchasers, except from registration.

**2. Corporations—Receivers—Title—Creditors—Statutes.**

Upon the insolvency of a corporation and the appointment of a receiver under the provisions of Revisal, sec. 1224, the corporate property vests in the receiver from his appointment, and the receiver represents the creditors as well as the owner, excluding the general creditor from taking any separate or effective step on his own account in furtherance of his claim; and the proceedings for the receivership is in the nature of judicial process by which the rights of the general creditors are "fastened upon the property."

**3. Same—Conditional Sales.**

Where the bargainor under a conditional sale to a corporation has not recorded the instrument, as required by Revisal, secs. 982, 983, and a receiver has been appointed under the provisions of Revisal, sec. 1224, his right to a preferential lien has been lost by his failure to register the instrument, the receiver representing the rights of the other creditors, and he is only entitled as any other general distributee of the funds.

CIVIL ACTION heard on case agreed before *Cline, J.,* at May Term, 1917, of MECKLENBURG.

On the hearing it was made to appear that in August, 1916, S. J. Holland sold to the Reid Livery Company a pair of horses for $390 and no part of same had been paid; that in January, 1917, the plaintiff, The Charlotte Observer, sold to Reid Livery Company an auto truck for $650, and there had been paid thereon the sum of $136.15, leaving a balance due of $513.85; that the property was passed to the Reid Livery Company by written agreement in which title was retained in the respective vendors till the entire purchase price was paid; that subsequently, the Reid Livery Company being insolvent, on proceedings properly instituted, the defendants were appointed receivers of said company for the purpose of converting its assets into cash, paying same to creditors, and winding up the affairs of the corporation; that, by order of court, said property had been sold by receivers and proceeds passed over to the clerk of the court to be held subject to liens and

equities of all parties in interest. On these facts, it was adjudged by the court as follows:

"It is, therefore, considered, adjudged, and decreed that neither petitioners be allowed a specific and prior lien on the property claimed by them, respectively, as against the receivers. It is further ordered that the claim of the Observer Company for $513.85 be accepted, and the receivers are directed to pay the same pro rata with other creditors. It is also considered and adjudged that the claim of S. J. Holland for $390 is accepted, and the receivers are directed to pay the same pro rata with other creditors."

From this judgment plaintiffs appealed.

*Morrison & Dockery for plaintiff.*
*McNinch & Justice for defendant.*

HOKE, J., after stating the case: Our statute, Revisal, sec. 982, provides, in effect, that "no deed of trust nor mortgage for real or personal estate shall be valid at law to pass any property as against creditors or purchasers for a valuable consideration from the donor, bargainor or mortgagor, but from the registration of the same," etc. And section 983, "That all conditional sales of personal property in which the title is retained by the bargainor shall be reduced to writing and registered in the same manner, for the same fees and with the same legal effect as is provided for chattel mortgages," etc.

By the express terms of the law, therefore, and under various decisions construing the same, these conditional sales are to be regarded in this jurisdiction as chattel mortgages and void as to creditors and purchasers except from registration. *Clark v. Hill,* 117 N. C., 11; *Butts v. Screws,* 95 N. C., 215; *Brem v. Lockhart,* 93 N. C., 191.

In order for a creditor to avail himself of these registration statutes, it is very generally understood that he must by some judicial process or method take steps to fasten his claim upon the property. In one or more of the decisions on the subject, it is said that he should be "armed with legal process" for the purpose. Considering the case in recognition of the principle, we are of opinion that the title of defendant is in full compliance with the requirement, they having been duly appointed receivers in a statutory proceeding instituted for the purpose of winding up the affairs of an insolvent corporation and distributing the assets among its creditors.

Under this statute, section 1224, it is provided: "That all the real and personal property of an insolvent corporation, wheresoever situated, and all of its rights, franchises, and privileges, shall, upon appointment of a receiver, immediately vest in him and the corporation shall be

divested of the title thereto." In section 1207: "That after payment of all allowances, expenses, costs and the satisfaction of all special and general liens upon the funds of the corporation, *to the* extent of their lawful *priority,* the creditors shall be paid proportionably to the amount of their respective debts," etc. .

Under decisions apposite, it has been held here and elsewhere that the receivers in such case are to be considered as representing creditors as well as the owner, enabling him in their favor to avoid fraudulent conveyances by the debtor and otherwise insist on their rights. *Pender v. Mallet,* 123 N. C., 57; *Porter v. Williams,* 9 N. Y., 142. A position that prevails in this jurisdiction both as to trustees and in assignments for the benefit of creditors. *Taylor v. Lauer,* 127 N. C., 157; *Bank v. Adrian & Vollers,* 116 N. C., 537. And it is held further with us that after proceedings instituted and receivers appointed, no general creditor can, on his own account, take any separate or effective steps in furtherance of his claim. *Odell Hardware Co. v. Holt-Morgan Mills,* 173 N. C., 308.

Under these conditions, it is in accord with right reason that a proceeding of this character and the appointment of receivers thereunder shall be considered in the nature of judicial process by which the rights of general creditors are "fastened upon the property," within the meaning of the principle, and avoiding all claims for specific liens which have not obtained legal priority by having the same duly registered as provided and required by law; and well-considered authority is in full support of the position. *Harrison v. Warren Co., etc.,* 183 Mass., 123; *American Machinery Co. v. New England Buck Co.,* 87 Cam., 369; *Duplex Printing Co. v. Clipper, etc., Co.,* 213 Pa. St., 207; *Receiver of Graham Button Co. v. Charles Spielman et al.,* 50 N. J. E., 120; *Smith v. Orr,* 224 Fed., 71; *Farmers' Loan & Trust Co. v. Minneapolis Engine Co.,* 35 Minn., 543.

On the questions presented, it was held in the New Jersey case: "A creditor of a mortgagor, to be in position to contest the validity of a chattel mortgage, must have his debt fastened on the mortgagor's property. By an adjudication of insolvency and the appointment of a receiver, the debts of creditors at large of an insolvent corporation are fastened on its property. A deed or other instrument which is void as against creditors is void also against those who represent creditors. The receiver of an insolvent corporation is the representative of its creditors, and as such may, by suit or defense, avoid any instrument which is void as against them. To successfully contest the validity of a chattel mortgage, the receiver of an insolvent corporation is not required to show that it is fraudulent as to creditors, but all he need do is to show such facts as, under the statute, render it void as against the creditors of the corporation."

And speaking to the reason and justice of the position, interpreting a Missouri statute not dissimilar, *Sandborn, J.,* said: "At the time this receiver was appointed, the creditors of the furnace company had the right to procure and levy attachments or executions on the property here in controversy. The appointment of the receiver and his seizure of the same thenceforth prevented them from exercising that right. It is just and equitable that the receiver whose appointment prevented the creditors from exercising their right to avoid the condition should exercise that right for them. The Courts of Missouri declare that a creditor armed with process may avoid or disregard the condition of his debtor's unrecorded contract of sale, and they have held a creditor who has sued out an attachment or execution against the property of such a debtor, placed it in the hands of the sheriff and caused him to levy it upon the property sold, is such a creditor. A creditor who has sued out an order of the court of equity that a receiver be appointed, and that he take possession of all the property of the debtor for the purpose of its administration, sale and distribution among the creditors, who has placed the order in the hands of the sheriff and has caused him to seize the property is not less armed with process. Indeed, he is armed with a more comprehensive and effective process—a process by which all the property of the debtor may be seized, administered, sold and distributed.,

"In view of these considerations, the conclusion is that a receiver appointed in a suit in equity instituted by a creditor against his insolvent debtor to administer and convert into money the property of the debtor and distribute the proceeds among creditors has the power of creditors armed with process to disregard or avoid, under the statutes, section 2889, Revisal, 1909, the unrecorded condition in a contract of conditional sale," etc.

And to like effect, *Gilfillan, C. J.,* in the Minnesota case, *supra,* said: "The pendency of the proceedings disables the creditors to go on, each in his own behalf, to enforce his claim by action, judgment, execution and levy. So that unless all the rights of the creditors can be enforced in this proceeding, unless their rights to avoid transfers can be made available by means of it, then it is to some extent an obstruction rather than a remedy to them. It is evident that it was intended to facilitate and not hinder a complete remedy; and this it will not do unless its scope is to apply to satisfaction of the creditors all the property of the corporation applicable to that purpose, that is, all the property which, but for the proceeding, they could have so applied. For these reasons, we decide that the receiver may avoid any transfers void as to creditors."

We are aware that there are numerous decisions in other States which uphold the contrary view, and the Supreme Court of the United States, in *York Mfg. Co. v. Cassel,* 201 U. S., 344, in construing the former

bankruptcy statute, has approved this position in reference to the title of the assignee, a position that was later changed by legislative amendment. Some of these opposing decisions were in States where contracts of conditional sale were not required to be registered. In others, such contracts were only avoided as against judgment or attaching creditors, etc. But in any event, and notwithstanding the high respect always due these eminent Courts, their decisions on the questions presented here and the principle they support may not be recognized in this jurisdiction where the statute, as stated, confers the title of the insolvent on the receivers from the time of their appointment such receiver is held to represent creditors, and his appointment serves to restrict the general creditors from any resort to other judicial process in special protection of their interests.

We find no error in the disposition of the cause, and the judgment of the Superior Court must be

Affirmed.