NATIONAL FURNITURE MANUFACTURING COMPANY v. W. E. PRICE, RECEIVER, C. D. NEVITT FURNITURE COMPANY.

(Filed 9 May, 1928.)

**1. Sales—Conditional Sales—Contracts Construed as Conditional Sales.**

A contract under which the seller ships to the purchaser certain goods, to which the latter acquires title upon the payment of the specified purchase price, is a conditional sale, requiring registration as against the rights of creditors. *Trust Co. v. Motor Co.,* 193 N. C., 663, cited and applied.

**2. Receivers—Title to and Possession of Property—Conditional Sales—Registration.**

> A receiver represents creditors of an insolvent corporation, and while a conditional sale to the corporation does not require registration as between the parties, after the receivership its validity as to the rights of creditors depends upon its registration in conformity with C. S., 3312.

APPEAL by plaintiff from *Schenck, J.,* at November Term, 1927, of MECKLENBURG. Affirmed.

From judgment overruling its exceptions to the report of the receiver, upon its claim against the insolvent corporation, and adjudging that plaintiff is entitled to prove said claim only as an unsecured creditor, without preference as to its payment out of assets in the hands of the receiver, plaintiff appealed to the Supreme Court.

*H. L. Taylor and Fred M. Parrish for plaintiff.*
*Thaddeus A. Adams and J. F. Flowers for defendant.*

CONNOR, J. This is an appeal from a judgment overruling plaintiff's exceptions to the report of the receiver of the C. D. Nevitt Furniture Company, an insolvent corporation, and adjudging that upon the facts found by said receiver, plaintiff is not entitled to prove its claim against said insolvent corporation as a secured creditor, or to have a preference in the payment of its claim out of assets of said corporation, in the hands of the receiver.

Pursuant to a contract, in writing, dated 25 February, 1927, the National Furniture Manufacturing Company, of Winston-Salem, N. C., delivered to the C. D. Nevitt Furniture Company, of Charlotte, N. C., certain goods, wares and merchandise, at the invoice price of $1,548.00. Thereafter the C. D. Nevitt Furniture Company, in the conduct of its business as a retail furniture dealer, sold a large part of said merchandise. On 21 June, 1927, the date on which the said company was adjudged insolvent and on which the receiver was appointed, it had on hand only a small part of said merchandise. This merchandise, invoiced at $258.00, passed into the hands of the receiver, as assets of the insolvent corporation. The total cash on hand at said date was $8.08. After due notice had been given to all the creditors, by mail, the entire assets of the corporation were sold by the receiver, who received therefor the sum of $4,300. This sum is now in the hands of the receiver for distribution among the creditors of the corporation. The contract between the National Furniture Manufacturing Company and the C. D. Nevitt Furniture Company was not registered.

Plaintiff's contention that by the terms of the contract, under which it delivered the said merchandise to the C. D. Nevitt Furniture Company,

it was the owner of so much of the said merchandise as was on hand and in the possession of said company at the date of the appointment of the receiver, cannot be sustained. Nor can its contention that it is entitled to a preference in the payment of its claim out of the money in the hands of the receiver, be sustained. In support of these contentions, plaintiff contends that the contract between it and the C. D. Nevitt Furniture Company was not a conditional sale, and was therefore not required to be registered under the statute. C. S., 3312. It contends that by the terms of this contract it retained title to the merchandise delivered to the C. D. Nevitt Furniture Company, and that such title never passed to or vested in said company. We cannot, under authoritative decisions of this Court, so construe the contract. It is provided therein "that the consignee hereby guarantees the payment of all bills and accounts for the merchandise delivered under the provisions of this agreement, and hereby agrees, in case any merchandise delivered under the provisions of this agreement by the consignor to the consignee is not accounted for to the consignor, under the provisions of clause 4 of this agreement, to pay to the consignor the invoice price of said merchandise, and thereupon title to said merchandise, or the proceeds thereof, so paid for, shall pass to the consignee, and shall be exempted from the provisions of this agreement."

In *Trust Co. v. Motor Co.,* 193 N. C., 663, it is said: "If personal property is delivered by one person to another under the terms of a contract whereby the latter is to acquire the retained title to the property upon the performance of a condition, such as the payment of the purchase price at a certain time or in a designated manner or by giving his note for the price, the transaction is a conditional sale." See *Acceptance Corporation v. Mayberry, ante,* 508. This principle is applicable to the facts of the instant case.

These facts distinguish this case from *Lance v. Butler,* 135 N. C., 419. Under the contract in the latter case there was no provision by which in any event the consignees or agents should acquire title to the subject-matter of the contract. They became entitled to a part of the proceeds of the sale of the property, after the full amount of the invoice price had been paid, as compensation for their services in selling the property. It was held that the contract in that case was one of agency, and was not required to be registered. In the instant case, upon payment of the invoice price of the merchandise, it is provided that the title thereto shall pass to the consignee. The contract is, therefore, a conditional sale, and in the absence of registration, was not valid as against creditors of or purchasers for value from the consignee or vendee. Nor was it valid as against the receiver of the corporation, who upon his appointment and qualification represents its creditors. *Observer Co. v. Little,* 175 N. C., 42.

There was no error in holding that plaintiff was not entitled to re-cover of the receiver the amount of the invoice price of the merchandise delivered to the insolvent corporation by the plaintiff, which passed into his hands as assets; nor is plaintiff entitled to payment of its claim out of the sum in the hands of the receiver, derived from the sale of the assets of the corporation, in preference to other creditors, because the corporation had failed to account for the proceeds of the sale of the merchandise sold by it prior to the receivership. There is no error. The judgment is

Affirmed.