LUKE LAMB AS TRUSTEE IN BANKRUPTCY OF THE ESTATE OF HUNT'S 5c-$1 STORES, INC., v. GURNEY P. HOOD, COMMISSIONER.

(Filed 1 November, 1933.)

**Banks and Banking H e—Plaintiff held not entitled to preference in assets of insolvent bank under facts of this case.**

A depositor drew his draft on his local bank against his general deposit therein, and the payee of the draft immediately forwarded it to the drawee bank, which held it for several days, and upon its later insolvency, mailed the draft back to the payee with a notation of its insolvency. The drawer paid the drawee the amount of the draft and filed a c'aim for preference with the statutory receiver of the drawee bank. *Held,* the deposit was not impressed with a trust, nor was the claim entitled to a statutory preference, C. S., 218(c) (14), and if the drawee bank's failure to return the draft within twenty-four hours after its receipt by mail implied an acceptance, C. S., 3118, 3119, such acceptance does not *ipso facto* create a preference.

APPEAL by defendant from *Harris, J.,* at March Term, 1933, of SAMPSON. Reversed.

This is an action to have a claim adjudged to be a preference upon the assets of the Bank of Clinton in the hands of the Commissioner of Banks as liquidating agent.

Hunt's Stores, a corporation conducting a branch store in Clinton, was adjudicated a bankrupt on 16 January, 1932, and Luke Lamb was appointed trustee. On 22 June, 1931, the Bank of Clinton was taken over by the Commissioner of Banks, who instituted a proceeding for the settlement of all claims arising out of the insolvency of the bank. On 17 June, 1931, Hunt's Stores, a depositor of the bank, drew its draft on the Bank of Clinton for $500 payable to the order of the Planters and Merchants First National Bank, South Boston, Va., at that time having on deposit a sum in excess of $500.

The Planters and Merchants First National Bank endorsed the draft and mailed it to the Bank of Clinton on 17 June, 1931, for collection and payment, and the draft reached the Bank of Clinton on the next day at about nine o'clock, and was held there without action until after the close of business on 20 June. The draft was then returned unpaid to the Planters and Merchants First National Bank with a letter stating that the Bank of Clinton had suspended business. Thereupon Hunt's Stores paid the draft by permitting it to be charged to its account in said bank (Planters and Merchants) and in apt time filed its claim with the liquidating agent of the Bank of Clinton with request for its allowance as a preferred claim. The request was denied by the liquidating agent, and he tendered certificate or proof of a common claim which was rejected by Hunt's Stores. On appeal the Superior Court allowed the claim as a preference. Exception and appeal by defendant.

*J. D. Johnson, Jr., and C. I. Taylor for appellant.*
*Luke Lamb and Howard H. Hubbard for appellee.*

PER CURIAM. We do not perceive that the plaintiff's claim upon any approved theory can be preferred to claims of the general creditors of the bank. Hunt's Stores, Incorporated, made a general deposit of its funds and the bank did not receive them for the particular purpose of paying the draft in question or, indeed, for any other specific purpose. *Corporation Commission v. Trust Co.,* 193 N. C., 696. The deposit, therefore, was not impressed with the quality of a trust, as in *Parker v. Trust Co.,* 202 N. C., 230, and *Flack v. Hood,* 204 N. C., 337. The claim is not entitled to a statutory preference under C. S., 218(c) (14) for the reason that the Bank of Clinton did not charge the draft to the account of the drawer; and if the bank's failure to return the draft within twenty-four hours after its receipt by mail implied an acceptance under the provisions of C. S., 3118 and 3119, such acceptance did not *ipso facto* create a preference. Judgment
Reversed.