GURNEY P. HOOD, COMMISSIONER OF BANKS, ET AL., v. THE MACCLES-
FIELD COMPANY.

(Filed 22 January, 1936.)

Trusts C d—Resulting trust based upon parol contract to convey may not
be established as against receiver representing creditors of trustor.

Petitioner alleged that he paid full purchase price for the lands in
question under a parol contract to convey by the owner. The owner of
the land, a corporation, was thereafter thrown into receivership, and the
lands in question were sold by the receiver. Petitioner seeks to set aside
the receiver's sale and recover the lands. *Held:* The receiver represents
the creditors, and as to the creditors the parol contract to convey is void,
for even if the conveyance had been executed to petitioner, it would not
have been valid against the creditors but from its registration, C. S., 3309,
and since petitioner is not entitled to recover on the facts alleged, the
receiver's demurrer was properly allowed.

DEVIN, J., took no part in the consideration or decision of this case.

APPEAL by petitioner, Pinetops Development Company, from *Devin,*
J., at June Term, 1935, of EDGECOMBE.

Petition or motion in the cause to disaffirm sale of lots by receiver and
require conveyance to petitioner.

Receivership affirmed on prior appeal, 207 N. C., 857, 176 S. E., 280.

The petition alleges:

1. That the petitioner purchased four lots from The Macclesfield
Company in January, 1930, and paid full value therefor.

2. "That under an agreement with The Macclesfield Company made
in January, 1930, the said company agreed to hold said four lots in
trust for the use and benefit of the Pinetops Development Company, to
convey the same as might be directed by the Pinetops Development
Company and turn the proceeds of sale over to the Pinetops Develop-
ment Company or the parties entitled thereto. That neither said trust
agreement nor any deed from The Macclesfield Company has been regis-
tered in Edgecombe County."

3. That in the above entitled cause the said four lots have been sold
by the receiver under order of court, etc.

Wherefore, petitioner prays that the sale by the receiver be disaffirmed
and rescinded and order entered directing the receiver to convey said
lots to the petitioner.

Demurrer interposed by the receiver upon the ground that the petition
does not state facts sufficient to warrant the prayer of the petitioner.
Demurrer sustained, and petitioner appeals.

*Henry C. Bourne* for petitioner.
*Gilliam & Bond* for receiver.

STACY, C. J. The demurrer was properly sustained, for, as to the receiver who represents the creditors of the insolvent corporation, the alleged parol agreement to convey is void. *Observer Co. v. Little,* 175 N. C., 42, 94 S. E., 526; *Mfg. Co. v. Price,* 195 N. C., 602, 143 S. E., 208. Even if the conveyance had been executed, it would not be valid as against creditors and purchasers for value, "but from the registration thereof within the county where the land lies." C. S., 3309; *Eaton v. Doub,* 190 N. C., 14, 128 S. E., 494.

The principles announced in *Spence v. Pottery Co.,* 185 N. C., 218, 117 S. E., 32, have no application to the facts of the present record.

Affirmed.

DEVIN, J., took no part in the consideration or decision of this case.