ENO INVESTMENT COMPANY v. PROTECTIVE CHEMICALS
LABORATORY, INC.

(Filed 7 March, 1951.)

**1. Corporations § 35: Registration § 5c—**

The mortgagees in an unregistered mortgage are not entitled to priority as against the assets of the corporate mortgagor in the hands of a receiver. G.S. 47-20.

**2. Mortgages § 2c—**

Liens of equitable mortgages are ordinarily enforceable only as between the parties and privies.

**3. Same: Corporations § 35—**

Officers and directors of a corporation who loan it money upon an agreement that the loan should be secured by a mortgage on corporate realty may not assert an equitable lien on the assets of the corporation upon appointment of a receiver before the execution of the mortgage.

**4. Appeal and Error § 21—**

Where the exceptions and assignments of error are not grouped as required by Rule of Practice in the Supreme Court 19 (3), the appeal may be dismissed.

**5. Appeal and Error § 24—**

Where there is no exception to an order, and the record does not include a copy of the order, the correctness of the order cannot be reviewed.

**6. Appeal and Error § 6b—**

Where the court enters an order directing payment by the receiver of a certain item, an exception taken to a subsequent order in the proceedings entered after the claim had been paid under the prior order, is too late to present the correctness of the order of payment.

**7. Corporations §§ 7½, 11½—**

Where no unfair advantage is taken, stockholders and officers of a corporation may lend it money and take a mortgage on the corporate property as security.

**8. Corporations § 35—**

Where corporate officers and stockholders have lent the corporation money in good faith, such loans secured by mortgage on the corporate

property are entitled to a preference, and such loans which are not so secured are properly admitted as an unpreferred claim against the receivership estate.

APPEALS by third mortgage claimants J. H. Barnes and others similarly situated from *Harris, J.,* in Chambers, 26 August, 1950; and by claimants Harold T. Sanford and E. C. Bull from *Harris, J.,* in Chambers, 27 March, 1950, and 26 August, 1950. From DURHAM.

Civil action in receivership to liquidate the assets of the defendant corporation for the benefit of creditors.

Much of the original paid-in capital of this corporation was invested in plant and equipment, with a substantial portion being drawn off in salaries and drawing accounts of five executives during the period of ten or eleven months while the plant was being erected, thus resulting in a shortage of working capital when operations were commenced in June, 1948. Within a few months a loan of $35,000 was sought but only $15,000 obtained from a life insurance company on the security of the plant and physical assets of the corporation. Later, and in March, 1949, the business still being hard pressed for funds, a loan of $9,410 was made by a group of individuals, principally stockholders and officers of the corporation. The loan was secured by a second deed of trust on the physical properties of the corporation.

At a joint meeting of the stockholders and directors held on 12 April, 1949, it appeared to be urgently necessary that additional working capital be raised. Accordingly, a resolution was adopted directing that an attempt be made to raise the needed funds, to be "secured by means of a second mortgage . . . to be established by having the noteholders of the present second mortgage surrender their notes to the corporation for cancellation and re-issue of new notes for a new mortgage having an increased principal."

In August, 1949, the committee handling this refinancing program appear to have collected loans of new capital totaling $3,610 from nineteen stockholders. At that time the balance due on the existing second deed of trust was $9,410. A new deed of trust was prepared, dated 17 August, 1949, to Victor S. Bryant, Trustee for the original lenders and also the nineteen stockholders who were putting up the additional money.

Because some of the noteholders under the existing deed of trust refused to surrender their notes and allow the deed of trust to be canceled, the substitute notes and deed of trust could not be used. Thereupon new notes secured by a third deed of trust were prepared for the purpose of securing the stockholders who were making the new loan. These notes and the deed of trust securing them, dated 17 August, 1949, appear to have been only partially executed. They were signed by the secretary but

by no other qualified official of the corporation, and were in that condition, undelivered and unrecorded, when the receiver, J. E. Markham, Esq., was appointed and took possession of the property of the corporation under order of Burney, J., on 3 November, 1949. This group of stockholder-creditors named in the foregoing unrecorded deed of trust are herein referred to as the third mortgage claimants. They filed claim with the receiver asking that their claim be treated as an equitable lien on the real estate and physical properties of the corporation and given priority over the general creditors of the corporation.

Various interlocutory orders were entered under which the real estate, equipment and other property of the corporation were reduced to cash, and on 14 March, 1950, the receiver filed a preliminary report, reciting that pursuant to a former order he had paid the indebtedness secured by the first and second deeds of trust, $14,307.51 and $9,880.50 respectively, and also other costs and charges incident to the management and liquidation of the receivership estate. The receiver in his report also recommended that the $3,610 claim of the third mortgage claimants be denied as a priority but admitted as a common claim against the receivership estate. The third mortgage claimants excepted to the report of the receiver for failure to recognize their claim as an equitable lien upon the real estate and other property of the corporation with priority.

When the receiver's report came on for hearing, Harold T. Sanford . and E. C. Bull, former officers and directors of the corporation, each of whom had filed a claim for salary in the amount of $3,400, moved for the appointment of a referee to hear the disputed claims. Judge Harris overruled this motion and by order dated 27 March, 1950, directed that the receiver proceed to hear the disputed claims and submit his findings of fact to the court. The claimants Sanford and Bull excepted to the order.

On 5 May, 1950, the receiver heard evidence on the various contested claims and under date of 30 June, 1950, submitted to the court his report, recommending, among other things, that the claim of the third mortgage claimants totaling $3,610 be denied as a preference but admitted as a common claim. The third mortgage claimants excepted to the report for failure of the receiver to recommend that their claim be treated as a preference; the claimants Sanford and Bull excepted for failure of the receiver to recommend disallowance of the claim of the third mortgage claimants. At this stage the record discloses no dispute as to the validity of the second mortgage claim, which previously had been paid under order of 9 January, 1950, to which no exception appears to have been taken.

By consent and after continuances, the receiver's report was heard before Judge Harris on the foregoing exceptions. Judge Harris found that the partially executed deed of trust dated 17 August, 1949, purport-

ing to secure the claim of the third mortgage claimants amounting to $3,610, "was not and never has been recorded and has no priority over the other general creditors," and that the claim be admitted on a parity with the claims of other general creditors of the corporation.

The third mortgage claimants excepted to the findings of fact and conclusions of law set out in the foregoing order, "for failure of the court to allow their claim as a priority and preference over general creditors." And the claimants Sanford and Bull, asserting that the claim of the third mortgage claimants should have been disallowed as a common claim, excepted to the order for failure to so disallow the claim.

Both groups of claimants, having excepted as herein set out, appealed to this court.

*Victor S. Bryant, Robert I. Lipton, and Ralph N. Strayhorn for third mortgage claimants, appellants.*

*Egbert L. Haywood and John T. Manning for appellants Harold T. Sanford and E. C. Bull.*

*E. C. Brooks, Jr., for respondent, J. E. Markham, receiver, appellee.*

### APPEAL OF THIRD MORTGAGE CLAIMANTS.

JOHNSON, J. We find no error in the order of the court below overruling the exception of these claimants to the report of the receiver and adjudging that their claim be accepted and treated as a common, unpreferred claim against the assets of the corporation in the hands of the receiver. If the claim be considered as secured by an unregistered deed of trust, it is entitled to no priority against the receiver. This is so for the reason that by the adjudication of insolvency and the appointment of the receiver, the creditors at large of the corporation, represented by the receiver, became in legal contemplation creditors for a valuable consideration within the meaning of our registration statute, G.S. 47-20, and, therefore, the deed of trust as to the receiver is void. *Observer Co. v. Little,* 175 N.C. 42, 94 S.E. 526; *Manufacturing Co. v. Price,* 195 N.C. 602, 143 S.E. 208; *Acceptance Corporation v. Mayberry,* 195 N.C. 508, p. 512, 142 S.E. 767.

Nor is the position of claimants improved by urging their claim as an equitable lien on the physical properties of the corporation. These liens, frequently resting in parol and usually being based on the doctrine of estoppel and unjust enrichment, while ordinarily enforceable as between parties and privies (*Winborne v. Guy,* 222 N.C. 128, 22 S.E. 2d 220; 53 C.J.S., Liens, section 4, pages 836 and 839), as a general rule are treated as being void as to a receiver representing the general creditors of a receivership estate. *Hood, Comr. of Banks, v. Macclesfield Co.,* 209 N.C. 280, 183 S.E. 404. See also *Finance Corporation v. Hodges,* 230

N.C. 580, 55 S.E. 2d 201; and *Lamb v. Hood, Comr. of Banks,* 205 N.C. 409, 171 S.E. 359. The record here discloses no equities on the side of the third mortgage claimants sufficient to take the case out of the general rule established by the decisions of this Court, which appears to have been correctly applied below by Judge Harris. The appeal of the third mortgage claimants is

Affirmed.

APPEAL BY CLAIMANTS HAROLD T. SANFORD AND E. C. BULL.

JOHNSON, J. The receiver's motion to dismiss the appeal of the claimants Sanford and Bull appears to be well taken. There is no grouping of exceptions or assignments of error as required by Rule 19 (3) of the Rules of Practice in the Supreme Court. *Harrell v. White,* 208 N.C. 409, 181 S.E. 268; *Pruitt v. Wood,* 199 N.C. 788, 156 S.E. 126. Neither does the record reflect any exception to the order of 9 January, 1950, under which the receiver was directed to pay, and appears to have paid, the second mortgage claims. Nor does the record include a copy of this order. Hence it cannot be reviewed. *Wiley v. Mining Co.,* 117 N.C. 489, 23 S.E. 448. It appears from the record that the payment of the second mortgage claim was first challenged by the exception of claimants Sanford and Bull to the order of 27 March, 1950, which order was entered after the claim had been paid by the receiver as a second mortgage preference under authority of the previous order of 9 January, 1950. Therefore this delayed exception (which was not brought forward and made the basis of an exceptive assignment of error) on procedural grounds is not entitled to consideration. However, the record indicates that this claim, being supported by a duly registered second deed of trust on the physical properties of the corporation, was properly paid as a preference. And while the exception of the claimants Sanford and Bull to the order of 26 August, 1950, for allowance of the claim of the third mortgage claimants, is not assigned as error, nevertheless a study of the record impels the conclusion that the court below properly admitted the claim as a common, unpreferred claim against the receivership estate. Where no unfair advantage is taken—and none is made to appear here as to either the second or third mortgage claims—there is nothing to hinder stockholders or directors from lending money and taking liens on corporate property as security. *Wall v. Rothrock,* 171 N.C. 388, 88 S.E. 633. On the appeal of claimants Sanford and Bull,

Appeal dismissed.