STATE v. VERNON R. WORLEY.

(Filed 1 May, 1957.)

**1. Appeal and Error § 19—**

Exceptions must be brought forward and assigned as error. Rule of Practice in the Supreme Court No. 19(3).

**2. Same—**

Assignments of error not supported by exceptions therein noted cannot be considered.

APPEAL by defendant from *Hobgood, J.,* December Mixed Term 1956 of JOHNSTON.

The defendant was originally tried and convicted upon a warrant returnable to the Recorder's Court of Johnston County charging him with the unlawful and willful operation of a motor vehicle on the public highways of the State in a reckless and careless manner and while under the influence of intoxicants or narcotics, this being his second offense, driving after license had been revoked, etc.

From judgment rendered, the defendant appealed to the Superior Court where he was tried *de novo* on the original warrant. The jury returned a verdict of guilty as charged, driving under the influence and careless and reckless driving.

From the judgment imposed on the verdict, the defendant appeals, assigning error.

*Attorney-General Patton and Assistant Attorney-General McGalliard for the State.*

*E. Reamuel Temple for defendant.*

PER CURIAM. The record contains numerous exceptions. However, they have not been brought forward and assigned as error, as required by Rule 19, Section 3 of the Rules of Practice in the Supreme Court. 221 N.C. 554; *Investment Co. v. Chemicals Laboratory,* 233 N.C. 294, 63 S.E. 2d 637.

The appellant does have what purports to be assignments of error, but none of them is supported by an exception. This Court will not search through a record in an effort to determine whether or not it contains an exception or exceptions that will sustain assignments of error. *Cecil v. Lumber Co.,* 197 N.C. 81, 147 S.E. 735.

We have examined the record. The verdict supports the judgment and no error of law appears on the face of the record. Judgment affirmed.

Appeal dismissed.