**In the Matter of Enoch Elwood MITCHELL, Dianne Jones Mitchell.**

**Gregory B. CRAMPTON, Trustee for Enoch Elwood Mitchell and Dianne Jones Mitchell, and Guy C. Lee Manufacturing Company, Plaintiffs,**

v.

**Enoch Elwood MITCHELL, et al., Defendants.**

No. 85–31–CIV–5.
Bankruptcy No. 79–01013.
Adv. No. 80–0143–P.

United States District Court,
E.D. North Carolina,
Raleigh Division.

June 7, 1985.

Gregory B. Crampton, Merriman, Nichols, Crampton, Dombalis & Aldrige, P.A., Raleigh, N.C., for trustee.

Robert A. Spence, Sr., Spence & Spence, Smithfield, N.C., for Guy C. Lee Mfg. Co (appellant).

Robert V. Lucas, Selma, N.C., for Mitchells.

W. Kenneth Hinton, Smithfield, N.C., Richard D. Sparkman, Angier, N.C., for Godwins.

TERRENCE WILLIAM BOYLE, District Judge.

The plaintiff, Guy C. Lee Manufacturing Company, appeals from the decision of the Honorable Thomas M. Moore, United States Bankruptcy Judge, which denied the plaintiff's petition for an equitable lien on certain properties owned by the bankrupt. For the reasons stated below that portion of the decision is REVERSED.

Judge Moore recited the facts of this case in his Memorandum Opinion, and this court will only briefly recite the facts necessary to its holding. On July 5–6, 1979, the defendant bankrupt Mitchell borrowed money from the plaintiff Guy C. Lee Manufacturing Company (Lee) and pledged two lots as security for the loan. The deeds of trust were duly recorded. Mitchell also had an open account with Lee. He had previously given Lee a check for $40,000 as payment on account which had been returned for insufficient funds.

On August 6, 1979, Mitchell showed the plaintiff deposit tickets confirming that he had enough money in the bank to cover the checks, and he wrote Lee a check for the loan and a check to cover the $40,000 payment on account. Lee cancelled the two notes and the deeds of trust and also returned to Mitchell the $40,000 check which he had been holding. Mitchell then left town and stopped payment on the checks. Lee filed a *lis pendens* on the property. On October 4, 1979, the debtors filed a petition in bankruptcy.

Unquestionably, Mitchell defrauded Lee, but the bankruptcy judge refused to grant an equitable lien for three reasons. First, he relied on Section 60(a)(6) of the Bankruptcy Act, formerly codified at 11 U.S.C. § 96(a)(6), for the proposition that "Generally speaking, equitable liens are contrary to the law of bankruptcy and should not be recognized in bankruptcy proceedings." (p. 33 of the Memorandum Opinion). That section reads, "The recognition of equitable liens *where available means of perfecting legal liens have not been employed* is declared to be contrary to the policy of this section." (emphasis added)

This statute contemplates that legal rights among competing creditors will be given primary consideration. However, by noting that legal rights will be controlling where "available means" to employ these have been taken advantage of, the statute recognizes that in some instances equity must intervene to afford relief and do what justice requires. This is such a case and is consistent with the test employed by the statute.

In this case, when the defendants filed for bankruptcy, the plaintiff had no statutory or judicial lien on the property, and under the law was an unsecured creditor. At first blush, equity would seem to afford him no relief. The bankruptcy judge correctly stated that "generally speaking", equitable liens are disfavored. However, equitable liens are not absolutely disfavored, but only when the plaintiff fails to use means to perfect a legal lien.

Congress wisely designed the statute to cover the complete jurisprudence consisting of law and equity. It did not intend to reward those who slept on their rights by not exercising available means to perfect them, but at the same time Congress did not make the statute an absolute bar to the diligent, when principles of equity demand intervention. Here, the plaintiff perfected his lien and lost it through the defendant's fraud. Because the plaintiff perfected his lien he complied with Congress's intent, and equity's intervention in this case is within the contemplation of Congress.

Second, the bankruptcy judge relied upon *Eno Investment Co. v. Protective Chemicals Laboratory, Inc.*, 233 N.C. 294, 63 S.E.2d 637 (1951). In that case "the partially executed deed of trust ... 'was not and never has been recorded....'" 233 N.C. at 296–297, 63 S.E.2d 637. That case is clearly distinguishable, because the plaintiff in the case at bar perfected his lien. Further, the *Eno* court implied that "equities" could "take the case out of the general rule" that bankruptcy courts do not grant equitable liens. 237 N.C. 298, 63 S.E.2d 637.

■ Third, the bankruptcy judge held that under these circumstances Lee was negligent because it "accepted Mitchell's check for uncertified funds and cancelled the two (2) notes and deeds of trust ... and delivered them to Mitchell." (page 34 of the Memorandum Opinion) While not the most cautious course of action, Lee's reliance on Mitchell's indication, proved by deposit slips, was not removed from the realm of the conduct of a reasonably prudent businessman. Nothing in the record indicates that Lee was a commercial lender. Lee therefore cannot be held to the standards of conduct of a commercial lender, but only to those of a reasonably prudent businessman. Mitchell had previously developed a relationship with Lee enough to have an open account there. When Mitchell showed Lee's agent the deposit slip, Lee's reliance under these circumstances was justified.

■ Restitution is one of the principle purposes of an equitable remedy. See *Janigan v. Taylor*, 344 F.2d 781 (1st Cir.1965). Giving Lee an equitable lien puts the plaintiff and the unsecured creditors in the same positions that they would have been had Mitchell perpetrated no fraud upon Lee. Further, to refuse to grant an equitable lien would allow a windfall to the unsecured creditors at the expense of an innocent defrauded creditor. An equity court cannot countenance such activity.

For the foregoing reasons, that portion of the Bankruptcy Judge's Memorandum Opinion which refused to allow the equitable lien is REVERSED, this cause is REMANDED, and the bankruptcy judge is instructed to grant an equitable lien in favor of Guy C. Lee Manufacturing Company in the amount of One Hundred Six Thousand Seventy and 14/100 Dollars ($106,-070.14) as of August 6, 1979.